(COMMON LAW.)

## PATTERSON v. the UNITED STATES.

A verdict is bad, if it varies from the issue in a substantial matter, or, if it find only a part of that which is in issue ; and, though the court may give form to a general finding, so as to make it harmonize with the issue, yet, if it appears that the finding is different from the issue, or is confined to a part only of the matter in issue, no judgment can be rendered upon the verdict.

In an action of debt, upon a bond to the United States, with condition that certain merchandise imported, and re-shipped for exportation, should not be re-landed within the U. S., and that the certificate and other proofs required by law, of the delivery of the same, without the limits of the U. S., should be produced at the collector's office within one year from the date of the bond ; an issue was formed upon the defendant's plea, that the merchandise was not re-landed, &c., and that the certificates and other proofs required by law, of the delivery of the same at Archangel, in Russia, were produced, &c. within one year from the date of the bond. The jury found a verdict, that, " the within-mentioned writing obligatory is the deed of the within-named R. P., &c., and they find there is really and

justly due upon the said writing obligatory the sum of 23,989 dollars and 53 cents." Held that the verdict was so defective no judgment could be rendered upon it.

A circuit court has no authority to issue a *certiorari*, or other compulsory process, to the district court, for the removal of a cause from that jurisdiction, before a final judgment or decree is pronounced.

In such a case, the district court may, and ought, to refuse obedience to the process of the circuit court, and either party may move the circuit court, for a *procedendo*, after the transcript of the record is removed into that court, or may pursue the cause in the district court, as if it had not been removed.

But if the party, instead of properly taking advantage of the irregularity in the proceedings, enters his appearance in the circuit court, takes defence, and pleads to issue, it is too late, after verdict, to object to the irregularity, and the supreme court *will*, on error, consider the cause as an original suit in the circuit court.

Feb. 20th.     THIS cause was argued by Mr. *D. B. Ogden* and Mr. *Harper*, for the plaintiff in error, and by the *Attorney-General* and Mr. *Glenn*, for the United States. But as the points made were not considered by the court, and judgment was pronounced on other grounds, the argument is omitted.

March 13th.     Mr. Justice WASHINGTON, delivered the opinion of the court.

This was an action of debt instituted in the district court of Maryland by the United States, against Robert Patterson, the plaintiff in error, upon a bond, dated the 2d of August, 1809, in the penalty of 35,000 dollars, with condition that certain merchandise, which had been imported into the United States, and which the said Patterson had then reshipped, in order to export the same to Tonningen, should not be relanded in any port or place within the United States, and that the certificate and other proofs re-

quired by law of the delivery of the same, at some place without the limits of the the United States, should be produced at the collector's office of the port of Baltimore, within one year from the date of the bond.

After the declaration was filed in the district court, and the defendant had entered his appearance and taken defence, a writ of certiorari, issued from the circuit to the district court, in obedience to which the record of the proceedings in that court was certified and sent up to the circuit court. In this court the defendant again took defence, and after sundry imparlances, and having had oyer of the bond and condition, he pleads, 1st. Performance generally of the condition. 2d. That the merchandise mentioned in the condition of the bond was not relanded in the United States, and that the certificate, and other proofs required by law of the delivery of the same at Archangel, in Russia, were produced at the said collector's office, within one year from the date of the said bond. 3d. That the said merchandise, or any part thereof, was not relanded in the United States, and that the certificates and other proofs required by law, of the delivery of the same at Archangel, in Russia, were produced to the said collector's office, on the 11th day of November, in the year 1811. The replication to the first plea alleges a breach of the condition of the bond, in not producing to the said collector's office, the certificate and other proofs required by law of the relanding in some place without the limits of the United States, within one year from the date of the said bond, to which a rejoinder was put in affirming that the certificate and other

proofs were produced at the said office within the said year, upon which an issue is tendered and joined. The same issue is formed upon the second plea, and to the third plea a general demurrer was put in.

The demurrer was, upon argument, sustained, and judgment was entered against the defendant for the penalty of the bond.

A jury was afterwards impannelled to try the issue who found the following verdict, viz. " that the within-mentioned writing obligatory is the deed of the within-named Robert Patterson, &c., and they find there is really and justly due upon the said writing obligatory the sum of 23,989 dollars 58 cents."

Upon this verdict the court gave judgment in favour of the United States, for 35,000 dollars, to be released on the payment of the above sum assessed by the jury, from which judgment a writ of error was obtained to remove the cause to this court.

The court considers it to be unnecessary to decide the questions which were argued at the bar, as the verdict is so defective that no judgment can be rendered upon it.

The issue, which the jury were sworn to try was, whether the certificate, and other proofs required by law, of the delivery of the cargo, at some place without the limits of the United States, were produced at the collector's office at Baltimore, within one year from the date of the bond. The verdict does not find the matter in issue one way or the other, but finds that the bond in the declaration mentioned is the deed of the defendant, and that there is justly due to the United States, upon the said bond, a cer-

tain sum of money.    But whether the bond was the
deed of the defendant, or not, was not a matter in
issue between the parties, and, consequently, it was
a false conclusion to say, that, because it was his
deed, therefore he was indebted to the United
States.

The rule of law is precise upon this point. A verdict
is bad, if it varies from the issue in a substantial mat-
ter, or if it find only a part of that which is in issue.
The reason of the rule is obvious; it results from the
nature and the end of the pleading. Whether the jury
find a general or a special verdict, it is their duty to
decide the very point in issue; and although the court
in which the cause is tried may give form to a gene-
ral finding, so as to make it harmonize with the is-
sue, yet, if it appears to that court, or to the appel-
late court, that the finding is different from the issue,
or is confined to a part only of the matter in issue,
no judgment can be rendered upon the verdict.

It is true, that if the jury find the issue, and some-
thing more, the latter part of the finding will be re-
jected as surplusage; but this rule does not apply to
a case where the facts found in the verdict are sub-
stantially variant from those which are in issue.

The court deems it proper to take some notice of
the mode of proceeding, for removing this cause from
the district to the circuit court.  It is believed to be
novel in the practice of the courts of the United
States; and it certainly wants the authority of law to
sanction it.  There is no act of congress which au-
thorizes a circuit court to issue a compulsory process
to the district court, for the removal of a cause from

1817.

Patterson
v.
The United
States.

that jurisdiction, before a final judgment or decree is pronounced. The district court, therefore, might, and ought to have refused obedience to the writ of *certiorari* issued in this case by the circuit court, and either party might have moved the circuit for a *procedendo* after the transcript of the record was removed into the circuit court, or might have pursued the cause in the district court, in like manner as if the record had not been removed.

But if, instead of taking advantage of this irregularity at a proper time, and in a proper manner, the defendant enters his appearance to the suit in the circuit court, takes defence, and pleads to issue, it is too late, after verdict, to object to the irregularity in the proceedings. This court will consider the suit as an original one in the circuit court, made so by the consent of parties. Had a new declaration been filed in the circuit court, no doubt could be entertained as to the correctness of this conclusion. And it is not going too far to consider the declaration sent from the district court in the same light, after appearance, issue, and verdict. This is the opinion of the majority of the court.

The judgment is to be reversed, and a *venire de novo* to be issued by the circuit court.

Judgment affirmed.