Shaw C. J.
delivered the opinion of the Court. The first point made on the part of the defendant is, that the verdict does not find the whole of the issue. The Court are of opinion, that if all the evidence produced went to establish the demand covered by the count on which the verdict was given, and if the several counts were all intended to embrace substantially one and the same demand, in some one of the various forms in which the evidence would support it, and the verdict was given on that count only, the verdict may be so amended as to make it a verdict for the defendant upon the other counts. It is like the common case of several counts and a general verdict and general damages assessed. There, if requisite, it may be so amended from the judge’s minutes, as to enter the judgment on any particular count. This was settled after considerable deliberation, in the case of Clarke v. Lamb, 8 Pick. 415.
In the case of Patterson v. United States, 2 Wheat. 225, the verdict was erroneous and defective in matter of substance, the jury having found facts not embraced in the issue, and having omitted to find the fact put in issue.
Here there were three counts in the declaration, to which the general issue was pleaded. There being no evidence to establish the third count, the attention of the jury was properly directed to the consideration of the first and second counts ; and as the case was presented to them, their finding the promise alleged in the first, implied a negation of the promise set forth in the second.
The case of the plaintiffs was this. They alleged that the defendant owed them a note, before given in payment for goods sold. The defendant alleged, among other grounds of defence) that the note had not been accepted, and had no validity as a note. Then said the plaintiffs, denying the fact and insisting upon the validity, if the note had not been accepted, the defendant still owed them for the goods. It is to be understood, "that by the law of this state, the delivery and acceptance of a negotiable note, operates as payment for goods sold. The position of the cause before the jury, there *134 fore, was this ; if the note had been accepted and the plaintiffs were entitled to recover upon it, on the first count, the goods had been paid for, and therefore the plaintiffs could not recover upon the second count. And so conversely, if the defendant owed for the goods, it was because the note had not been accepted, and therefore the plaintiffs were not entitled to a verdict on the first count. Under these circumstances we see no objection to entering a verdict for the defendant upon the second and third counts.[1]
The question whether the contract had been rescinded, depended upon different grounds, and was rightly left to the jury as a question of fact, with a proper direction, that if they found the contract rescinded, they would find a verdict for the defendant.
The defendant next objects to the course of proceeding at the trial. The plaintiffs read the promissory note, declared on in the first count, the execution of it having been admitted, and there stopped. The defendant then, besides offering evidence to prove the whole contract rescinded, introduced evidence tending to show that the note had not been accepted ; and then the plaintiffs, to rebut this, produced evidence tending to show that the note had been received as a valid note, and that the property was held merely as collateral security for the payment of the note, and thus to support the first count in their declaration.
Undoubtedly an orderly course of proceeding at trials, is necessary to the attainment of the purposes of justice ; and as a general rule, it is proper that a plaintiff, who has the affirmative, should produce all the evidence which he means to rely upon in the first instance ; and if he has included in one suit, several distinct, substantive and independent demands, he should introduce his evidence as to all his demands, before the defendant is called upon to answer.
But this rule does not apply where several counts are inserted with an alternative view, in order that the plaintiff may recover upon one if he cannot upon another, according to the *135 proof, but all being for one and the same demand. This is the most common reason for introducing several counts, because it is impossible to foresee, in the various events of the trial, what legal case the proof will establish. The most usual case is that of a count on an express promise, with money counts. It may be that the promise will be shown to be void, by force of some positive law, as in the case of gaming, or conditional, and the condition not performed, or defeasible, and defeated by some contingency ; there it may happen that by law, on such proof, the plaintiff will be entitled to recover the demand for which such contract was given in satisfaction, or recover back the consideration, or otherwise ; then the counts for goods sold, for money had and received, with the aid of such proof, will entitle the plaintiff to recover. And this right, of course, will not depend upon the proof originally offered by the plaintiff, but upon the whole evidence in the case, and even upon the evidence which it has been the strenuous effort of the plaintiff to oppose and controvert. The case put by the plaintiffs’ counsel in the argument, of an action on a policy of insurance, furnishes an illustration of this position. The plaintiff in such action proves the policy and the loss, and thus disproves the count for a return of premium. But the defendant shows that the ship was not seaworthy ; the policy never attached ; the premium is shown to have been paid upon a consideration that has failed, and the plaintiff recovers it back Qn the count for money had and received.
To test the present case by these rules:—The plaintiffs claimed their note and nothing but the note from beginning to end; and it was only in the event of their failing to establish "their count on the note, that they relied on any other count. This was what they claimed and proved in their opening, and upon this they were content to rely, but for any proof offered by the defendant. We can therefore perceive no irregularity and no violation of the established rules of pro ■ ceeding in the case before us.
As to the remaining question, relating to the evidence offered by the defendant, of misconduct of the plaintiffs at the second- sale, we are of opinion that this evidence was rightly *136 rejected. So far as the money was received and realized by the plaintiffs from the sale of the goods, it operated as payment of the note. But to permit the defendant in such case to go into evidence of the misconduct of the plaintiffs, for unliquidated damages to be applied in the discharge of the note, would tend to great confusion of rights and remedies.
When property is received as collateral security for a debt, with authority to sell and apply the proceeds, the pledgee is the factor of the debtor, and is bound to use all proper skill and diligence, and to conduct the sale with fairness and with a view to tire best interest of the debtor, and for any misconduct in these respects he would be liable to an action on the case. But a verdict and judgment in this suit would be no bar to such an action. We think if the defendant has any just ground of complaint in this respect, he must be left to his right of action.
Judgment on the verdict as amended.

 See Payson v. Whitcomb, 15 Pick. 212; French v. Hanchett, 12 Pick. 15 Powell v. Sonnett. 1 Bligh’s N. R. 545, Sutton v. Dana, 1 Metc. 383