### Elijah McCoy *vs.* Giles F. Rives.

A verdict is bad if it vary from the issue in a substantial manner, or if it find only a part of that which is in issue; and no judgment can be rendered upon it.

An issue is made up to try the right of property to two slaves, Charles and Fanny; a verdict on that issue is rendered against the claimant's title to negroes, Charles and Lucy—held, that no judgment can be given on such a verdict.

This cause is brought by writ of error into this court from the circuit court of Kemper county.

Giles F. Rives recovered judgment in the circuit court of Kemper county against John McWootan and others, for eleven hundred and thirteen dollars seventy-seven cents; upon which a writ of *fieri facias* issued and was levied upon three negroes. The following is the return of the sheriff, viz:

" Levied on one negro boy, Dennis, aged about sixteen years, and one boy named Charles, aged about nine years, and one girl Fanny, aged about eight years, November 18, 1840.

" T. Mitchell, Sheriff.

"By W. M. Cherry, D. S."

Elijah McCoy made affidavit that the two last named negroes belonged to him, and executed bond, according to the statute, and they were accordingly delivered to him. At the April term, 1841, the plaintiff in the execution tendered the claimant an issue, which was joined in by the claimant, as to whether the negroes, Charles and Fanny, were the property of McWootan et al., the defendants in the execution. The issue was submitted to a jury, whose verdict was as follows:

" We, the jury, find the following described property levied upon by said Rives, on his said execution, on the eighteenth day of November, eighteen hundred and forty, and claimed by said McCoy, was not at the time of said levy, and is not now the property of said McCoy, in manner and form as he has

claimed the same; but then was and is subject to said Rives's said execution thereon levied; and that said property is of the value below carried out and set after each article, to wit: negro slave Charles of the value of four hundred dollars; negro slave Lucy of the value of three hundred; and that the claim of said McCoy's conveyance is for a fraudulent purpose as against said Rives's judgment and execution thereon levied."

Upon this verdict, the court gave judgment in favor of Rives against McCoy, for the negroes, Charles and Lucy, as if it had been an action of detinue.

McCoy assigns the irregularity in the verdict and judgment, in not corresponding with the issue, for error.

*J. A. Marshall,* for the plaintiff in error.

On examining the record in this case, it appears that two negroes, Charles and Fanny, were included in the affidavit of the claimant, and also in the issue presented to the jury, and none other.

The only fact which they could try was, whether the boy Charles, or the girl Fanny, were subject to Rives's execution. The issue was submitted in a single form as to both, and the jury not having found as to Fanny, omitted a material part of the issue, and the verdict was void as to the whole. See Comyn's Digest, vol. 6, p. 243. For the same reason it is void for repugnancy. Com. Dig. vol. 6, p. 248. The jury however did not stop here; they travelled out of the issue, and found the slave Lucy subject to the execution, she not having been levied on or mentioned in the proceedings. If the verdict had embraced the subject matter in issue, and also other matter, the surplusage might have been disregarded by the court in rendering the judgment; but as the judgment follows the verdict, the effect was to deprive the plaintiff in error of a slave, the right to which had never been in question, and it seems to be well settled, that where the surplusage tends to the prejudice of the party, it vitiates. 1 Sid. 96.

There being, therefore, nothing in the record to support either the verdict or judgment, they must both fail.

*Henry Gray*, for defendant in error.

Mr. Justice THACHER delivered the opinion of the court.

This was a writ of error to the circuit court of Kemper county.

An execution was levied upon two slaves, Charles and Fanny, which were claimed by a party not named in the execution. An issue, under the statute, for the trial of the right of property was made up, and the jury returned a verdict that " the following described property mentioned in the execution, was not the property of the claimant, and describing the property as slaves, Charles and Lucy, assessing the value to each.   The judgment follows the verdict in setting forth the names of the slaves. There was no finding by the jury upon the right of property in the slave Fanny, or of her value, and there was a finding upon the right of property in a slave Lucy, and of her value, who was not mentioned in the return of the sheriff upon the execution, nor in the issue for the trial of the right of property.

A verdict is bad, if it vary from the issue in a substantial manner, or if it find only a part of that which is in issue; and, when it is confined only to a part of the matter in issue, no judgment can be rendered on the verdict.   2 Wheat. 221.   If a verdict finds matter out of the issue, it is void for so much.

In the case at bar, no judgment can be rendered as it stands.

*Judgment must be reversed and new trial granted.*