Curia, per

Wardlaw, J.
The declaration contained three counts, in which the place where the prohibited liquors were alleged to have been kept and found, was variously stated to suit the terms in the ordinance. The first count stated for the place the shop ; the second, the back room ; and the third, the premises connected with the shop.
For the defendant it is now contended that the verdict is void for imperfection,and uncertainty — “having liquors,” not being a sufficient designation of an offence which consists in “keeping spirituous liquors.”
For theplaintiffs, it is contended that either the words “of having liquor,” may be rejected as surplusage, or to the end of the first clause of the verdict, may be added technical words referring to the counts, so that the verdict shall read “guilty of having liquor in the back room, in manner and *375 form as is alleged in the second count;” and that thus amended, the verdict would mean guilty of having liquor in the back room, in a manner prohibited by the ordinance; that is, guilty of the offence alleged in the second count.
If the words immediately connected with guilty, and shewing of what guilt has been found, could be here rejected as surplusage, so as to reduce the clause to a simple finding of “guilty,” then the like might be done, if the verdict were “guilty of having water,” or “guilty of nothing.” It is only where a verdict, before certain and valid, according to a fair construction, has been cumbered by the addition of useless matter, not qualifying the previous meaning, that the addition can be rejected as surplusage.
In general verdicts, modo et forma, being merely technical words, may be supplied; for the inquiry of the jury being properly confined to the facts which are comprised in the issue, it must be intended that whatever facts may be found, are according to the allegations made, unless a different intention can be inferred from the verdict. Therefore, in the case of the Commonwealth vs. Judd et al. 2 Mass. 329, (which has been supposed most to favor the plaintiffs’s second view,) in an indictment for a conspiracy, to make a base composition resembling indigo, out of indigo and four other ingredients, with fraudulent intent to sell the same at auction, a verdict that the defendants conspired to make base and spurious indigo, with fraudulent intent to sell the same, was supplied by adding the words, “in manner and form as set forth in the indictment;” and in this shape, the material facts of the conspiracy and fraudulent intention having been clearly found, the sale mentioned in the verdict appeared to be the sale at auction alleged in the indictment, and the manner of making the spurious indigo mentioned in the verdict, appeared to be the manner alleged of making the base composition, and the variance between the spurious indigo in the verdict, and a base composition of indigo and other ingredients, in the indictment, was held not to be material; inasmuch as the two descriptions indicated the same article.
If, however, after supplying technical words, the intention of the jury be left doubtful, the verdict is insufficient. 11 Peck. 45; 2 Wheat. 221. The certainty essential to *376 that ascertainment of fact, upon which judgment is to be pronounced, has not been attained. Any doubt left, after reasonable construction, must arrest the judgment. See Com. Dig. PI. S. 19, 34; and reasonable construction infers that the mention of one of the several particulars is the exclusion of the others, that part of a whole adopted is a rejection of the remainder, and that material omissions accruing have been intentional.
If, in the indigo case, the verdict, instead of describing, by other words held to be equivalent, the base composition alleged in the indictment, had mentioned a composition made of three o.ut of the five ingredients alleged, the variance could not have been held immaterial, if the exact nature of the composition entered into the question of the offence imputed.
Reasonable intendment, and the addition of manner and form, cannot alter or enlarge the meaning of the other words in the verdict. If the act found, by the addition of manner and form, .constitutes the fact to be found, then the verdict is certain; but if the act found, when made precise, be not the fact alleged, the addition will only give time, place, circumstance and manner to the act found, but leave still the variance between it and the fact alleged.
So strict have our own courts been in construing a verdict, that in the case of The State vs. Lohman, Riley’s Law Cases, 234, the issue being whether the defendant delivered under the first count, or gave under the fourth count, spirituous liquors, to a certain slave of J. F. Mintzing, named Sam ; and the verdict being “ guilty of the first and fourth counts, of giving and delivering liquor to a slave,” the judgment was arrested, almost as a matter of course, with the concurrence of the Judges present.
In that case, it might have been suggested, that guilty of the first and fourth counts, was, itself, a certain verdict, and all afterwards was surplusage ; or, that by adding the technical words, “ in manner and form as set forth in the said counts,” the uncertainty created by the use of the article a, was removed. But it must have been considered by the court, that the addition made in a general verdict was significant of something, else it would not have, been made, and as it showed that the jury were agreed *377 that the defendant gave or delivered a liquid to a slave, silence, as to every thing else, showed that they had not ascertained the slave to be the one described in the indictment.
In the ease before us, the technical words may be supplied, so that the verdict may read “ guilty of having liquor in his back room, in manner and form as alleged in the second count;” but after the amendment, the offence alleged has not been found. If the having liquor in a certain manner, for a certain purpose, during a certain time, or with other certain circumstances set forth, constituted the offence, the verdict would serve. But without now undertaking to define what the Ordinance means by keeping spirituous liquors, and without adverting to the indefiniteness of the term liquor, it maybe assumed as manifest, that keeping is something more than having, and that having may be accidental, occasional, for medicinal purposes, or in various ways innocent, even although accompanied by all the circumstances of time, place, manner, and form set forth, if it do not amount to keeping. It will not do to say that having, modo et forma, &c., must be the offence alleged, inasmuch .as it is having in the manner which is alleged to be in violation of the Ordinance. Unapt words used in the description of the offence would not in the count be aided by the allegation “in violation of the ordinance:” and in the verdict the technical words merely give precision and circumstance to the previous statement, but do not change it so as to embrace various acts, in a word designating only one, or the whole, in words ' describing only a part. When the jury, instead of finding a verdict of guilty, without qualification, use words to describe the fact found, and omit a portion of the ingredients of guilt, it must be supposed that that portion has not been found, however exact the statement of the other portion be made. Such explanatory verdict may be the result of compromise, or of conscientious scruple in the jury, and much injustice might result from extending its meaning beyond the expression used. If under an indictment for stealing a cow and a .calf, the verdict should be “guilty of taking the cow,” no addition of modo et forma could make taking include the carrying away and the felonious intention, even although the offence charged would be against *378 our statute, and should be so alleged. So here, the something more than having, which is included in keeping, and the characteristics which distinguish spirituous liquors from other liquor, cannot be embraced by the words having liquor, which the jury have chosen to express the facts in which they were agreed.
A serious division of the court has seemed to require this tedious examination of what might otherwise have been deemed an unimportant matter. Let the verdict be set aside and a Venire facias de novo be issued.
Richardson, Evans, and Butler, JJ. concurred.
O’Neall and Frost, JJ. dissented.