## PHILLIPS v. KENT AND MILLER.

1. In trespass, if to a plea of title or *liberum tenementum*, the plaintiff replies facts which show that he was in possession in fact at the time of the trespass, and that the *right of possession* was out of the defendant, or those under whom they entered, though the title set up is not legally vested in the plaintiff, the replication is good.

2. If, on a special issue joined in trespass, the jury find a general verdict of guilty, as such verdict is only consistent with the finding the special issue for the plaintiff, the court will mould the verdict to suit the issue; and as this amendment is in the *form* of the verdict only, and not in its substance, it may be made by the court *in banc* without the *postea* being amended by the circuit judge.

To an action of *trespass quare clausum fregit*, the defendants pleaded, by their first plea, title in themselves, and by their second, third, fourth, and fifth pleas, distinct titles in four different sets of individuals. The plaintiff took issue upon the first plea, and to each of the four other pleas he replied specially, that before the title set out in the plea accrued, the premises were the freehold of one Benajah Perow, who, on the 16th of January, 1828, demised them for ninety-nine years to one Morris Phillips, who entered and became possessed of the term; that, on the 1st of January, 1843, he died intestate, and no one having administered, his heirs-at-law entered upon the demised premises, and became possessed of the residue of the said term; and being so possessed thereof, on the 2d of April, 1845, assigned the residue of the said term to the plaintiff, by virtue of which assignment the plaintiff entered into the said close, and became thereof possessed until and at the time when the trespass was committed. The defendants, in their rejoinder, traversed the demise by Perow to Phillips, the same issue being joined on the last four pleas. There were in fact upon these pleadings two issues presented for trial, *viz:*

1. Was the freehold of the close in the defendants?

2. Did Benajah Perow demise the premises to Morris Phillips, for the term specified in the replication, before the title accrued of those under whom the defendants entered?

The jury found a verdict of guilty, and assessed the plaintiff's damages at six cents.

Upon the coming in of the *postea*, a rule was obtained to

show cause why the verdict should not be set aside, and judgment arrested.

The rule was argued before the CHIEF JUSTICE and Justices NEVIUS and OGDEN.

*Bradley,* for support of rule; *Hays,* contra.

The CHIEF JUSTICE.   The reason mainly relied upon for arresting the judgment in this cause is, that the plaintiff, in his replication, shows no legal title to the term under which he claims to have possession of the close in question.  The plaintiff's title to the term is, beyond question, defectively set forth.  He alleged that the termor died intestate, and that his *heirs* (not his personal representatives or next of kin) entered upon the premises, and assigned the term to the plaintiff, by virtue of which he entered. If, therefore, it be necessary that the plaintiff should, to support a recovery, show a legal title to the term, as against the defendants, the judgment must be arrested.

The action of trespass is a possessory action.   It may be maintained not only by a party having title, or the right of possession, but even by a party having a naked possession, as against all the world, except the person having the right of possession.   The common bar or plea of *liberum tenementum* is not a strict bar to the action, for it is obviously consistent with the right of possession in the plaintiff or in a third person.   It was originally permitted as a means of driving the plaintiff to a new assignment or a more particular description of the close in which the trespass was alleged to have been committed, and has been permitted to continue by the sanction of long usage.   *Willes* 222; *Gould's Pl. c.* 6, § 91–2–3.

As against a party having a naked possession, it is a good defence to show that the party against whom the action is brought had the right of possession, whether coupled with a legal title or not.   If, therefore, the defendant can show himself entitled to the possession, he cannot be held responsible for a violation of that possession to a person having no right to it.   And a party having the legal title will not be held responsible to a party having a naked possession, upon the as-

sumed ground, in the absence of proof or allegation to the contrary, that the party having the legal title has also the right of possession. *Hyatt* v. *Wood,* 4 *J. R.* 150.

The facts disclosed in this case evince that the defendant, though he has title, has no right of possession, for the jury have found that Benjamin Perow demised the land for ninety-nine years before the defendants acquired title. The objection is, that the right of Perow is not shown to be legally vested in the plaintiff, admitting the case to be that the plaintiff has not the right to the term demised to Perow. The facts, as they appear upon the pleading, and as ascertained by the verdict, are, that the freehold, or legal title, is in those under whom the defendants entered. The right of possession is in the representatives of Perow, the actual possession is in the plaintiff. Upon this state of facts, there would seem to be no doubt but that, upon principle, the plaintiff may maintain his action. The plaintiff has the possession, and that entitles him to hold it as against all persons except him who has the right of possession. But the right of possession is in the representatives of Perow. If they were the defendants, and had pleaded their leasehold interest and right of possession, the defence would have been good, and a replication alleging that the heirs of Perow had released to the plaintiff, would have been of no avail; because a naked possession is of no avail against those who have the right of possession. This very case is put by *Gould* by way of illustration. "The plea (he says, of *liberum tenementum,* or, as it is frequently called, the common bar,) is perfectly consistent with the existence of a possessory title in the plaintiff, since a freehold in one person may coexist with an actual and rightful possession of the same subject in another. The freehold, for example, may be in A. while B. is in rightful possession, under a subsisting term of years or otherwise, or the term for years may, without any derivative title, be in the plaintiff's actual and quiet possession, which of itself confers a possessory title against all persons, except him who had *the right* of possession." There is, then, enough upon the face of the declaration to entitle the

plaintiff to recover, and the judgment, for this cause, cannot be arrested.

Another ground was suggested upon the argument for arresting the judgment, which is not found in the reasons assigned, *viz.* that there is no verdict upon the issues joined. The verdict, as returned upon the *postea*, is simply that the defendants are guilty of the trespass, without finding directly either of the matters put in issue.

A verdict must comprehend the whole issues submitted to the jury, or no judgment can be rendered upon it; and if rendered, the judgment will be reversed. *Executors of Middleton* v. *Quigley*, 7 *Halst.* 352; 1 *Arch.* 190; *Miller* v. *Fritts*, 1 *L. Ray.* 324; *Paterson* v. *U. States*, 2 *Wheat.* 221.

The court, however, in which the verdict is found may give form to a general verdict, so as to make it harmonize with the issues. If a verdict be not formally expressed in the words of the issue, yet if the point in issue can be collected from the finding of the jury, the court will work it into form, and make it serve. *Hobart* 54; 2 *Burr.* 698, *Hawkes* v. *Crofton;* 14 *J. R.* 84, *Thompson* v. *Button;* 9 *Mass.* 316, *Hodges* v. *Raymond.*

The verdict in this case necessarily settles both the issues, and there is no difficulty in ascertaining what the jury must have intended. If they had found title in the defendants, or if they had found no demise, their verdicts must have been for the defendants. A verdict of guilty necessarily rests upon finding both issues in the affirmative.

Upon the argument, I entertained and expressed strong doubts whether it is in the power of this court to amend the *postea*. It is laid down that it is erroneous to apply to the court in *banc* to rectify or alter the terms of a *postea*, or the entry of the verdict or the finding of the jury; but the application must be made to the judge who tried the cause to correct the verdict according to his notes. 3 *Chit. Gen. Pr.* 41.

The rule is founded in reason, and ought not to be lightly departed from. It must, however, be limited to a substantial alteration of the *postea*, and cannot apply to a mere moulding of the verdict into technical or legal form. This was done by this court in the recent case of the Shrewsbury Church and

the Meadow Company, and upon principle it may be done by this court upon the return of the *postea*, as well as if the verdict had been rendered at the bar of the court, and entered upon the minutes. We have before us the evidence upon which the amendment is proposed to be made. It is merely a matter of form. Let the amendment of the *postea* be made, and the rule will be discharged.

NEVIUS and OGDEN, Justices, concurred.

Rule discharged.

CITED *in D., L. & W. R. R. Co.* v. *Toffey,* 9 *Vr.* 528.