## STATE v. SMALLS.

1. An indictment charged in its first count an assault with a barrel-stave with intent to kill, and in its second count an assault and battery with a barrel-stave. *Held*, that the assault and assault and battery charged, were of a high and aggravated nature, and therefore within the jurisdiction of the Court of General Sessions.
2. But a verdict on such indictment of "guilty of assault and battery"

convicts of no offence within the jurisdiction of the Court of General Sessions, and upon such verdict that court cannot pass sentence.

3. The words "of assault and battery" in the verdict qualify the meaning of the word "guilty," and cannot therefore be rejected as surplusage, so as to make the verdict a conviction of the offence charged in the indictment.

Before HUDSON, J., Charleston, November, 1881.

Indictment against Prince Smalls. The opinion fully states the case. The report of the presiding judge was as follows :

This indictment is in due form, and charges an offence within the jurisdiction of the Court of General Sessions, setting forth the murderous intent and aggravated circumstances of the assault and battery. The proper construction of the verdict is that it finds the beating, etc., to have been done with the ugly weapon used, but not with the intent to kill. Such being the reasonable interpretation of the verdict, I refused the motion in arrest of judgment.

Mr. *S. J. Lee*, for appellant.

Mr. *Solicitor Jervey*, contra.

April 7, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a prosecution for an assault and battery heard in this court in connection with that of Prince Bowen just decided (*ante*, p. 58). The indictment contained two counts. One charged that the defendant committed an assault upon one *Kit Jackson* "with a deadly weapon, viz., a *barrel-stave, with intent to kill and murder*," and the other with an assault and battery "*with a barrel-stave*," omitting the intent to kill. The jury found the defendant "*guilty of assault and battery*," and he was sentenced to *six months at hard labor in the state penitentiary*. The defendant moved to arrest the judgment, and that being refused, appeals to this court upon the following exceptions :

" 1. Because his Honor erred in refusing to arrest the judgment on the ground that the indictment is fatally defective in

that it does not charge the accused with committing an assault and battery of an aggravated nature.

" 2. Because his Honor erred in refusing to arrest the judgment on the ground that the verdict of the jury finds the defendant guilty only of assault and battery, of which offence the Court of General Sessions had no jurisdiction."

According to the decision just rendered in the case of the *State* v. *Beadon* (*ante*, p.55), both the counts in this indictment stated circumstances of aggravation sufficient to bring them within the jurisdiction of the Court of General Sessions. The first charged two matters of aggravation : that the assault was committed *with a barrel-stave*, and also with *intent to kill and murder*. The second charged that an assault and battery was committed *with a barrel-stave*, but omitted the intent to kill.

Each charged an offence of a high and aggravated nature, and therefore the defendant's first exception is not well taken. *State* v. *McKettrick*, 14 *S. C.* 354.

There is more difficulty as to the second exception, that the verdict shows the jury only intended to convict the defendant of a common assault and battery *without aggravation*, of which offence the Court of General Sessions has no jurisdiction. It is one thing to charge an offence properly, and quite another to make it out and establish it by the verdict of a jury ; and until both are done the accused cannot be legally punished. Two things are necessary : the indictment must show that an offence cognizable by the court is charged, and the verdict must show that the party has been convicted of *such offence*.

It is not allowable in criminal matters to charge one offence and convict of another. There are some cases in which a conviction for a lesser offence of the same character than that charged in the indictment will be sustained upon the principle that the whole includes all its parts. For example, where murder is charged a verdict for manslaughter will be sustained, but in all such cases the court has jurisdiction of both the *greater* and the *smaller* offence. That is not true as to assault and battery. This is not a case in which the whole includes all its parts ; for the moment that there is a failure to establish the charge *with aggravation*, there is an entire failure and the case

falls out of the jurisdiction of the court. There is no doubt that if there had been another count in this indictment charging an assault and battery in the usual form without any circumstance of aggravation, it would have been bad. That was the very defect in the case of McKettrick, *supra,* in which the judgment was arrested.

Now in the light of these principles what was established by the verdict of the jury—" *We find the defendant guilty of assault and battery*" ? The natural meaning of the words is that the defendant had been guilty of an ordinary assault and battery without aggravation. If that is the proper construction (and we think it is), the verdict was not responsive to either of the counts in the indictment charging an assault and assault and battery with circumstances of aggravation, but the offence of common assault and battery was found, which was not charged, and if it had been, would not have been maintainable. If it had been a general verdict of " guilty," it might have been referred to any good count in the indictment, for in that case there would be a presumption that the jury spoke with reference to the record ; or if it had been " guilty on first count " or " guilty on second count," it would have been good as to that count. The verdict cannot be referred to the first count, for the reason that it does not find " *the intent to kill* " and finds a battery ; nor to the second count, as it negatives the aggravating matter therein charged of the use of " *a deadly weapon, a barrel-stave.*"

The jury did not refer to either count or leave it to presumption to ascertain what they meant, but expressed it themselves—" guilty of assault and battery," that is to say, a common assault and battery. It was in effect a special verdict, and we cannot retain the word guilty and reject as surplusage the additional words " of assault and battery." It is only when a verdict before certain and valid has been cumbered by the addition of useless matter, *not qualifying the previous meaning,* that the addition can be rejected as surplusage. In an action to recover a penalty imposed by an ordinance of the City Council of Charleston for *keeping* spirituous liquors without a license in certain places mentioned in the ordinance,

the declaration to meet the terms of the ordinance charged the offence variously in different counts. The jury found the defendant " *guilty of having liquor in the back shop.*" *Held*, that the words immediately connected with " guilty" could not be rejected as surplusage, and that the verdict as it stood did not find the defendant guilty of violating the ordinance.

In general verdicts, *modo et forma*, being merely technical words, may be supplied ; if, however, after supplying technical words the intention of the jury be left doubtful, the verdict is insufficient. *City Council* v. *Weikman*, 2 *Spear*. 374, citing 11 *Pick*. 45, 2 *Wheat*. 221. In that case Judge Wardlaw said, " The certainty essential to that ascertainment of fact upon which judgment is to be pronounced has not been attained. Any doubt left after reasonable construction must arrest the judgment ; any reasonable construction infers that the mention of one of the several particulars is the exclusion of others, that part of a whole adopted is the rejection of the remainder, and that material omissions occurring have been intentional."

The judgment of this court is that the judgment of the Circuit Court be reversed.