HEFEL v. WHITELY LAND CO.

(Circuit Court, D. Indiana. February 2, 1893.)

No. 8,808.

1. Copyright—Form of Notice.
   Act June 18, 1874, (18 St. at Large, p. 78,) prescribes the following alternative form of notice of claim of copyright: "Copyright, 18—, by A. B." *Held*, that the following notice on a map: "Copyright entered according to act of congress 1889, by T. C. Hefel, civil engineer,"—is sufficient, since it differs from the prescribed formula only by including words which are more surplusage.

2. Same—Statutes—Conflicting Provisions.
   Act June 18, 1874, relating to copyright, (18 St. at Large, p. 78,) prevails over Rev. St. 1878, § 4962, with which it is in conflict, by virtue of Rev. St. § 5601, which provides that acts passed after December 1, 1873, are to be taken as passed subsequent to the revision.

At Law. Action by Toney C. Hefel against the Whitely Land Company to recover penalties for infringement of copyright. Heard on demurrer to the declaration. Overruled.

J. N. Templer & Son and Morris, Newberger & Curtis, for plaintiff. Ryan & Thompson, for defendant.

BAKER, District Judge. Action to recover penalty for infringement of a copyright of a map. The declaration, which is in two counts, alleges in each that the plaintiff is the author and proprietor of a certain map entitled "Hefel's Natural Gas and City Map, Muncie, Indiana;" and that the same has been duly copyrighted by compliance with the acts of congress; and charges that the defendant, in violation of his rights as such author and proprietor, has infringed his copyright by the publication of 10,000 copies of the map in and on a paper called "The Whitely Bulletin," for which infringement the plaintiff seeks to recover as damages the penalty provided by statute. The defendant demurs to each count of the declaration, upon the ground that it fails to show that the plaintiff has obtained a valid copyright upon his map. The map in question is referred to in each count of the declaration, from which it appears that the only notice of the copyright given on the map itself is by printing upon each copy and issue thereof the following words: "Hefel's Natural Gas and City Map, Muncie, Indiana, made by T. C. Hefel, civil engineer. Copyright entered according to act of congress 1889, by T. C. Hefel, civil engineer,"—and the only question raised by the demurrer and argued by counsel is whether this shows a sufficient notice to entitle the plaintiff to maintain an action to recover the penalty

provided by statute for the infringement of a copyright. Counsel for defendant cite and rely on section 4962, p. 959, Rev. St. U. S. 1878, (2d Ed.,) as the one which governs in this case. This section, so far as material, is as follows:

"No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof, * * * if a map, * * * by inscribing upon some portion of the face or front thereof * * * the following words: 'Entered according to act of congress in the year ——, by A. B., in the office of the librarian of congress, at Washington.'"

If this section were the one applicable to the case, the demurrer would be well taken. The plaintiff has not adopted the formula for his notice prescribed in the above-quoted section. He has used a portion of the formula, but has omitted the words "in the office of the librarian of congress, at Washington." It is not necessary to discuss the natural rights of authors in their literary productions, nor to determine whether in this country, aside from the rights secured by statutes, they can maintain an action to recover damages for the unauthorized appropriation of their writings. This action is brought to recover the penalty denounced by the statute against the infringer of a copyright. The statute is highly penal in its character, and must be strictly construed. Giving it such a construction, the omission of the above-quoted words would be fatal, if there was no other statute applicable to the case. Jackson v. Walkie, 29 Fed. Rep. 15.

Section 5601, Rev. St. U. S. 1878, provides that "the enactment of said revision is not to affect or repeal any act of congress passed since the 1st day of December, one thousand eight hundred and seventy-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision; and, so far as such acts vary from or conflict with any provision contained in said revision, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith." Consequently the act of June 18, 1874, (18 St. at Large, p. 78,) is the one which must be looked to in determining the sufficiency of the declaration. Section 1 of that statute, so far as material to this case, provides "that no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof, * * * if a map, * * * by inscribing upon some visible portion thereof * * * the following words, viz.: 'Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington;' or, at his option, the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out; thus, 'Copyright, 18—, by A. B.'" The notice alleged to have been inscribed on each copy of the map is in the following words: "Copyright entered according to act of congress 1889, by T. C. Hefel, civil engineer." The notice embodies the exact words required by the last formula prescribed in the statute, with the additional words "entered according to act of congress," and the words "civil engineer" following the author's name. These additional words simply amplify the formula prescribed by the statute, without in any manner affecting its mean-

ing. They are to be regarded as surplusage. The maxim, "utile per inutile non vitiatur," is decisive. Patterson v. U. S., 2 Wheat. 221.

The declaration is sufficient, and the demurrer is overruled.