TOWLE v. FIRST NAT. BANK OF BOSTON.

(Circuit Court of Appeals, Eighth Circuit.   April 30, 1907.)

No. 2,481.

TRIAL—FEDERAL COURTS—SPECIAL FINDINGS WHERE JURY IS WAIVED.

Special findings by a trial judge in an action at law in a federal court, where a jury has been waived pursuant to the provisions of Rev. St. § 649 [U. S. Comp. St. 1901, p. 525], have the same effect as special verdicts of a jury, and must embrace a finding on every material issue joined in the case, otherwise the result is a mistrial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 935.]

In Error to the Circuit Court of the United States for the District of Minnesota.

John F. Fitzpatrick, for plaintiff in error.

Edward E. Blodgett (Henry B. Wenzell, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge.   This was an action at law upon a contract of guaranty executed by Uri L. Lamprey in his lifetime to the Massachusetts National Bank, an assignor of plaintiff, to recover $12,000 and interest.   The amended complaint set out the contract, which was, in substance, that if the bank would loan H. G. & H. W. Stevens, as they might from time to time request, amounts not exceeding at one time $30,000, he, Lamprey, would pay any note, draft, or other obligation given by the borrowers therefor not paid by them at maturity; and averred that, relying on the guaranty, the bank loaned to the Stevenses from time to time different sums of money and took their notes therefor maturing at given dates, which were not paid. The answer denied generally each and every allegation of the complaint except as therein admitted, qualified, or denied.   It then admitted the execution of the guaranty as alleged and pleaded as an affirmative defense as follows:

"That it was expressly agreed by and between the Massachusetts National Bank and the defendant that said guaranty should only cover loans and advances to H. G. and H. W. Stevens as copartners or jointly, and not loans or advances to be made to either H. G. Stevens or H. W. Stevens individually or separately; and the defendant is informed and believes, and so charges, the facts to be that said Massachusetts National Bank did not make any loans or advances whatsoever to H. G. and H. W. Stevens as copartners or jointly, but did make loans and advances to H. W. Stevens, and that the commercial obligations set forth in the complaint, if they are valid obligations at all, are the obligations of H. W. Stevens only, and not obligations of H. G. Stevens, as copartner or otherwise."

The replication put the affirmative defense in issue.   A jury was waived, the case tried to the court, special findings of fact made, and judgment rendered for plaintiff for $12,080, and interest.   Much evidence was heard touching the relations of the parties and the circumstances under which the contract of guaranty was executed and the loans made; and the chief issue now argued before us is whether the guaranty contemplated loans made to H. G. and H. W. Stevens as co-

partners only, or whether it also covered loans made to either of them as an individual provided only he borrowed it for a concern doing business in the name of H. G. & H. W. Stevens.

That issue was clearly and definitely joined in the pleadings, and was one apparently conceded not to be determined solely by the construction to be placed upon the language of the contract of guaranty, but in part by competent proof aliunde that instrument. The instrument nowhere expressly refers to the Stevenses as copartners, and yet their joint names are referred to as together desiring to make loans of the bank. There is manifestly an ambiguity here which admits of elucidation by proof, and the parties treated the issue as one of fact to be determined by proof and much evidence of the surrounding facts, acts, and conduct of the parties was taken. On all this evidence counsel for plaintiff contend that the instrument guarantied advances made to a concern called "H. G. & H. W. Stevens" as it then existed, regardless of its personnel, and that a reasonable construction gathered from the language of the instrument, in the light of surrounding circumstances and of the cotemporaneous construction placed upon it by the parties, makes this contention clear. Counsel for defendant contend, on the other hand, that all the proof shows that the instrument was intended to guaranty the payment of loans made to the Stevenses as copartners, and not otherwise. This issue distinctly made in the pleadings and tried by the evidence should have been found by the trial court one way or the other, but was not. It was the vital issue in the case, and one which is now pressed upon us by both parties as decisive of it. But it is said that the trial court in effect made a finding on that issue as a result of its other findings; that the finding that the several loans which formed the basis of the suit were made by the bank to said H. G. & H. W. Stevens "relying upon and in consideration of said agreement and guaranty" is on the authority of Fox v. Haarstick, 156 U. S. 674, 15 Sup. Ct. 457, 39 L. Ed. 576, the equivalent of a finding against the defendant on the issue as to partnership tendered by him.

We think the findings as made cannot fairly be held to involve or imply a finding on the issue in question. Conceding that the loans were made "relying upon and in consideration of said agreement of guaranty," yet that concession does not determine what the parties meant by the ambiguous and indefinite reference to "H. G. & H. W. Stevens" found in the guaranty. In other words, the loans may have been made in reliance upon and in consideration of the guaranty, and yet may or may not have been made to H. G. and H. W. Stevens as copartners or on their joint liability.

Special findings by a trial judge in actions at law made pursuant to the provisions of Act March 3, 1865, c. 86, 13 Stat. 501, when a jury has been waived have the same effect as special verdicts of a jury. Section 649, Rev. St. 1878 [U. S. Comp. St. 1901, p. 525]; Norris v. Jackson, 9 Wall. (U. S.) 125, 19 L. Ed. 608; Miller v. Life Ins. Co., 12 Wall. (U. S.) 285, 301, 20 L. Ed. 398. The latter must embrace a finding on every material issue joined in the case. Patterson v. United States, 2 Wheat. (U. S.) 221, 4 L. Ed. 224; Barnes v. Williams, 11 Wheat. (U. S.) 416, 6 L. Ed. 508; Prentice v. Zane's Adm'r,

8 How. (U. S.) 470, 484, 12 L. Ed. 1160; Graham v. Bayne, 18 How. 60, 63, 15 L. Ed. 265; Ward v. Cochran, 150 U. S. 597, 608, 14 Sup. Ct. 230, 37 L. Ed. 1195.

When findings are not made on all the material issues, the result is a mistrial and the cause must be remanded for a new trial. Cases, supra, and Suydam v. Williamson, 20 How. (U. S.) 427, 441, 15 L. Ed. 978.

There was, in our opinion, a clear disregard of this well-settled rule in the trial of this case. No finding was made on a material and vital issue joined between the parties. Without that finding the judgment as rendered cannot be sustained. The defendant assigned for error that the judgment as rendered was not justified by the facts as found and from what has been said that assignment must be held good.

The judgment is reversed, and the cause remanded to the Circuit Court, with directions to grant a new trial.