### TOWLE v. FIRST NAT. BANK OF BOSTON, MASS.

(Circuit Court of Appeals, Eighth Circuit. August 5, 1908.)

#### No. 2,806.

GUARANTY—CONSTRUCTION OF CONTRACT—FINDING OF FACTS.

Evidence considered, and *held* to sustain a finding of fact by the trial court in an action at law that the written guaranty sued on, by which defendant agreed to be responsible for the payment of loans made by plaintiff bank to "H. G. & H. W. Stevens," was not intended by the parties to be limited to loans made to such individuals jointly or as copartners, but was intended and understood to cover loans to a concern then doing business under the name of "H. G. & H. W. Stevens," although owned solely by H. W. Stevens.

In Error to the Circuit Court of the United States for the District of Minnesota.

See 153 Fed. 566, 82 C. C. A. 520.

John F. Fitzpatrick, for plaintiff in error.

William H. Lightner (Henry B. Wenzell and Edward E. Blodgett, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and W. H. MUNGER, District Judge.

W. H. MUNGER, District Judge. This action was commenced by defendant in error against one Uri L. Lamprey to recover upon a contract of guaranty given by said Lamprey to the Massachusetts National Bank, of Boston, Mass., which guaranty was in words as follows:

"Whereas H. G. & H. W. Stevens desire to do their banking business with the Massachusetts National Bank of Boston, Mass., and they may need from time to time in their business, loans, accommodations, and discounts from said bank.

"Now, therefore, I, the undersigned, do hereby request the said bank to make to the said H. G. & H. W. Stevens such loans, accommodations, and discounts as they may from time to time need or ask for, not exceeding in all at any one time thirty thousand ($30,000) dollars.

"And in the consideration of the premises and of one dollar and other valuable considerations, the receipt whereof is hereby acknowledged, I do hereby promise and agree to and with the said bank that whatever note, draft or other obligation, or indebtedness in any form, of the said H. G. & H. W. Stevens, which the said bank may now or hereafter hold, is not paid at maturity by the said H. G. & H. W. Stevens, I will pay within twenty (20) days after written notice that they have failed to pay the same. My entire liabilities hereunder, however, not to exceed in all the said sum of $30,000.

"It being understood that said bank may from time to time make such loans, accommodations and discounts to said H. G. & H. W. Stevens, and such renewals thereof as they may see fit, without notice to me either of the amounts, or the time, or the maturity thereof; and that this guaranty or agreement shall not terminate by my death; but that the same may be terminated at any time by me or by my executors or administrators by notice in writing to said Bank to that effect, and that upon such notice of its termination being given this agreement shall terminate and end except as to the obligations and indebtedness of the said H. G. & H. W. Stevens to said bank then existing; and that said bank will at any time upon request from me or from my executors or administrators furnish a statement to me or to them of the obligations of the said H. G. & H. W. Stevens held by said bank."

Said bank advanced various sums of money to the business concern conducted under the name of H. G. & H. W. Stevens, receiving notes therefor. Subsequently the notes and contract of guaranty were transferred by said Massachusetts National Bank to the defendant in error. By the answer of the defendant it was alleged that the guaranty was of a partnership consisting of H. G. and H. W. Stevens, as copartners or jointly, and not to loans or advances it made to either H. G. Stevens or H. W. Stevens individually or separately.

Pending the proceedings, Uri L. Lamprey, the defendant, died, and plaintiff in error, Eugene A. Towle, as administrator of his estate was substituted as defendant. By stipulation of parties, a jury was waived and the cause tried to the court. Certain findings of fact were made by the court, and judgment rendered in favor of plaintiff and against

the defendant. The defendant brought the case to this court by writ of error.

By the decision of this court, reported in 153 Fed. 566, 82 C. C. A. 520, it was held that said contract of guaranty was upon its face ambiguous; that it was for the trial court to find from the evidence whether or not the instrument of guaranty was intended to guarantee only loans made to H. G. & H. W. Stevens, as copartners, or whether it was intended as a guaranty to the business concern conducted under the name of H. G. & H. W. Stevens, without reference to whether such business concern was a partnership. This court further held that, as the trial court made no finding upon this material issue, the cause should be reversed for a new trial. Thereafter, when the case came on for trial in the Circuit Court, it was stipulated by the parties that the cause should again be submitted to the court without a jury upon the same evidence upon which the case was first tried. At the conclusion of the presenting of the evidence to the court, plaintiff in error moved the court for judgment in his favor on the ground that there was no evidence upon which a judgment for the plaintiff could be supported; that the evidence conclusively showed that the contract of guaranty sued upon covered only advances to be made to a partnership composed of H. G. and H. W. Stevens, and that no advances were made to such copartnership. This motion was overruled by the court, to which plaintiff in error duly excepted. Plaintiff in error asked the court to make certain special findings of fact, all of which were found excepting the third, which was as follows:

"Third. It was the intention of both parties to said guaranty that the same should cover only advances to a partnership composed of Horace G. Stevens and Hobart W. Stevens, doing business under the name of H. G. & H. W. Stevens."

This finding of fact was refused by the court.

Plaintiff in error also requested the court to find as a conclusion of law, in substance, first, that said guaranty was for advances to be made to a copartnership under the firm name of H. G. & H. W. Stevens; second, that the defendant was entitled to judgment, and that the plaintiff take nothing by this action, and for his costs and disbursements, which was refused.

Among the findings of fact made by the court were the following:

"Second. That at the time of the execution and delivery of the guaranty set forth in the fourth paragraph of said amended complaint, and thereafter until January 9, 1900, when the concern failed, there was a concern doing business under the firm name of H. G. & H. W. Stevens, and engaged in the manufacture and sale of carriages, having an office in the city of Boston, Mass., in charge of H. W. Stevens, and a manufacturing plant in the city of Merrimac, Mass., in charge of H. G. Stevens as assistant manager, and there was at said time no other concern of the same or similar name.

"Third. That there was no partnership of H. G. & H. W. Stevens; that said concern was owned entirely by H. W. Stevens, and H. G. Stevens was only an employé (thereof) as assistant manager, and that said H. W. Stevens was doing business (as such concern) under the name of H. G. & H. W. Stevens.

"Fourth. That at the time of the execution and delivery of said instrument set forth in the fourth paragraph of said amended complaint, and thereafter until January 9, 1900, said Lamprey, the guarantor, and the said Massachusetts National Bank, guarantee, supposed and believed that said concern

was a partnership composed of two brothers, H. G. and H. W. Stevens, engaged in the business of manufacturing and selling carriages, but it was not expressly agreed by and between these parties that this guaranty should only cover loans and advances to H. G. & H. W. Stevens as a copartnership or jointly, but, on the contrary, it was (contemplated by the parties and was) understood and agreed in and by said guaranty that it should cover the loans made to the said concern whether it was composed of H. G. Stevens (or) H. W. Stevens or both, and whether or not they were copartners.

"Fifth. That the H. G. Stevens and H. W. Stevens mentioned in the guaranty set forth in the fourth paragraph of said amended complaint and the H. G. & H. W. Stevens mentioned in the fifth, sixth, seventh, eighth, ninth, tenth, and fourteenth paragraphs of said amended complaint are one and the same party, to-wit: [Said concern mentioned in paragraph 2 of these findings and which said concern was] H. W. Stevens doing business under the name of H. G. & H. W. Stevens; [and that said loans set forth in the paragraphs of the amended complaint referred to in paragraph one of these findings were made to said concern]."

The court thereupon rendered judgment in favor of defendant in error against plaintiff in error for the amount due and unpaid upon advances made upon said guaranty. Plaintiff in error has now for the second time brought the case to this court.

Plaintiff in error has assigned as error the refusal of the court to find the facts as requested in its third request, and that the court erred in finding that it was not expressly agreed by and between the parties that the guaranty should only cover loans and advances to H. G. and H. W. Stevens as a copartnership or jointly, but that it was contemplated by the parties, and was understood and agreed in and by said guaranty, that it should cover loans made to the concern, whether composed of H. G. Stevens or H. W. Stevens, or both, and whether or not they were copartners; that the court erred in its conclusions of law. As before stated, when this case was first before this court, it was held that the guaranty did not expressly refer to the Stevenses as copartners, yet that their joint names were referred to therein as together desiring to make loans of the bank, and that there was thus manifestly an ambiguity which admitted of the elucidation by proof. It will thus be seen that the vital issue in the case was whether the guarantor, by the guaranty in question, intended to secure advances to a business concern under the name of H. G. & H. W. Stevens, without reference to whether such business concern consisted of a copartnership of H. G. and H. W. Stevens, or consisted of only H. W. Stevens. The trial court has now found as a fact that, while the guarantor and guarantee at the time of the making of the guaranty supposed the two brothers were partners, yet that the guaranty was not intended to be limited to advancements made to them as partners, for which both would be personally liable, but was intended to be for advances made to the concern which was doing business under the name of H. G. & H. W. Stevens. This finding of the trial judge has the same force and effect as a special finding by a jury, and this court cannot now, in an action at law, retry the case for the purpose of determining the weight of the evidence, but is limited to the inquiry whether such finding by the trial court is supported by any substantial evidence.

No synopsis would disclose the fair inference to be drawn from the evidence, and to give it in its entirety would serve no useful purpose.

It is sufficient to say that from a consideration of all the evidence we are satisfied that there was substantial evidence to support the findings made by the trial court; and the judgment is therefore affirmed.

Judgment affirmed.