HEARD APRIL TERM, 1876.

## MASSEY *vs.* DUREN.

*A verdict finding the issues for the defendant and adding matter which does not qualify the previous meaning of the jury will not be set aside, and is no ground for a new trial.*

BEFORE MACKEY, J., AT LANCASTER, AUGUST, 1873.

This was an action of "trespass to try title," by James R. Massey and others against Wiley R. Duren, Able Funderburk and Hannah Funderburk. It was commenced in 1860. The pleas were the general issue, and a special plea by Wiley R. Duren, alleging that the land sued for was owned in fee by Thomas R. Duren, an infant son of the defendant Wiley R. Duren, in whose behalf he, the said defendant, was in possession.

The case prepared for this Court, after stating the evidence, proceeded as follows:

After argument of the cause before the jury by the counsel for the plaintiffs and defendant Wiley R. Duren, respectively, the presiding Judge proceeded to charge the jury, and, after getting nearly through, he paused and inquired of the counsel on both sides what should be the form of the verdict. The counsel for the plaintiffs responded that it should be, in form, if for the plaintiffs: " We find for the plaintiffs the land in dispute and damages." And the attorneys for the defendant Duren responded that, if for the defendant, it should be, in form : " We find for the defendant the land in dispute;" and the presiding Judge, after these responses from the attorneys sitting together in Court, charges the jury accordingly as to the form of the verdict. Neither party excepted to the charge of the Judge in any particular to the jury before they retired ; nor was there any request made to charge which he declined. The jury, after retiring, returned with the following verdict:

" We find for the defendant the land in dispute.
(Signed) " A. CARTER, Foreman.
" The land in dispute wherein we find for the defendant is that occupied by Wiley R. Duren, and designated on plat by a piece of white paper.
(Signed) " A. CARTER, Foreman."

Whereupon the plaintiffs moved for a new trial on the minutes of the Court, which was refused in an order as follows:

"On hearing the plaintiffs' motion to set aside the verdict of the jury, rendered at the present term of the Court, and for a new trial and argument of counsel, the motion is refused."

The plaintiffs appealed and moved this Court to reverse the order on the following grounds:

1. Because, aside from their paper title, the plaintiffs proved title in their ancestor, James R. Massey, by possession of the lands claimed, commencing in January, 1830, and continued by him and his heirs up to the date of the trespass by the defendant Duren in the year 1858.

2. Because there was no evidence that the Blair survey of the Walker grant, under which their ancestor first took possession, and which covers the trespass, was not the true location of that grant.

3. Because no superior title, or title of any kind, was shown to any portion of the land embraced within the limits of the Blair survey by the defendant in William Robinson, under whom he claimed.

4. Because the evidence established title in the plaintiffs by a regular chain from the grants down to so much of the land found for the defendant as is covered by the George Johnson and the Cousart grants.

5. Because the plaintiffs proved title to the whole of the lands by possession for more than ten years after their ancestor, James R. Massey, became the exclusive owner thereof under and by virtue of the deeds executed to him by the Commissioner in Equity, dated 1st November, 1842.

6. Because the defendant Duren showed no title whatever to the land claimed by him in his son, Thomas Duren, and pretended to no title therein in himself.

7. Because the verdict of the jury is wholly unsupported by the evidence.

*Moore*, for appellant:

I. To plaintiffs' declaration, the defendant, Wiley R. Duren, pleaded—
First. The general issue.

Second. A special plea setting up title to the land described in the declaration in his son Thomas R. Duren.

The verdict of the jury found a large part of the land for the defendant, Wiley R. Duren, who, by neither of his pleas, asserted a claim to the same, or any part thereof, in himself.

The question raised by this appeal is not whether the jury erred upon any question of fact, but whether, upon the pleadings and evidence, their verdict, as a question of law, can be sustained?

It may be conceded that the defendant, Wiley R. Duren, would have been entitled to a general verdict for the defendant upon showing—

1. A failure of the plaintiffs to show that he had committed any trespass upon the land described in the declaration, as defined by the plat of the survey made by order of the Court.

2. A failure of the plaintiffs to show title in themselves to the land.

3. Or if a *prima facie* title was shown in them—that superior title existed in his son, Thomas R. Duren, or in any other person—in other words, title out of the plaintiffs.—*Blair* vs. *Young*, 2 Hill, 415. But the verdict found a large part of the land for the defendant himself.

II. It must, therefore, have been based on the second plea of the defendant, (which, although irregular, was not stricken out,) in which he avers title in his son to the whole of the land described in the declaration and defined in the plat of survey ordered by the Court; but the jury found for the defendant only that part of the land represented on the plat which is covered by the white paper laid over the same.

1. Even had the defendant, therefore, claimed the land as his own, the jury, instead of a verdict for the defendant, should have found for the plaintiffs all the land represented on the plat not covered by the white paper.—*Dyson* vs. *Leek*, 5 Strob., 143.

2. In no aspect of the case could the jury have found any portion of the land for the defendant—his pleas being only tantamount to the general issue.—*Underwood* vs. *Sims*, 2 Bail., 81.

3. Had a verdict been rendered simply for the defendant, it would have established no more than his right to the *locus in quo* of the trespass.—*Henderson* vs. *Kenner*, 1 Rich., 478.

4. A verdict simply for the defendant would not have precluded the plaintiffs from commencing a second action for the same land

at any time within two years, (Act of 1744.) *Aliter*—where a certain portion of the land is found for the defendant.—*Parker* vs. *Leggett*, 13 Rich., 171.

III. The verdict of the jury is equivocal. In the first section, they say they find the land in dispute, *i. e.*, the land described in the pleadings, for the defendant; but in the second section, or their *addendum*, they only find that part of the land represented on the plat of survey covered by the white paper for the defendant. Does not this discrepancy alone, even if stronger grounds were wanting, present a sufficient reason for granting the new trial which the Circuit Judge refused?

IV. How far the rules of practice relating to actions of this kind, so far as they extend the power of juries to find special verdicts, have been modified or changed by the Code of Procedure, is, perhaps, yet undetermined. But whatever may be the change effected; even if a jury may now, in an action of this nature, find a portion of the land in controversy for the defendant, and the remainder for the plaintiff; or, (as in this case,) leaving the right to the remainder undetermined, it is clear that a verdict finding such portion for the defendant cannot be sustained if inconsistent with the record or unsupported by such evidence as would have been necessary had the defendant been the plaintiff in the action.

1. Here the verdict is plainly inconsistent with the record; for the defendant, by his pleas, disclaims any right in himself to the land found for him by the jury.

2. An examination of the testimony will show that he utterly failed to produce any legal evidence of title to the land in his son, Thomas R. Duren.

V. The rule that conclusions of a jury upon questions of fact will not be disturbed by this Court is fully appreciated; but this Court has never yet decided, and I presume never will, that it has no power to correct an error of the Circuit Judge in refusing a new trial, where the verdict of the jury is inconsistent with the record and unsupported by any evidence whatever.

VI. In looking to the evidence in this case, I trust it will produce the impression on the minds of this Court—

1. That, even leaving out of view the antecedent possession of the land by the ancestor, James R. Massey, commencing with the Blair survey in 1829, his possession and that of his heirs or devisees under the deeds of the Commissioner in Equity, of the 19th of De-

cember, 1842, open, notorious, adverse and continued without lawful interruption, until the year 1859, when the defendant, Wiley R. Duren, squatted upon the same, the plaintiffs had acquired a good and sufficient title to said land; and that the attempt of the defendant, Wiley R. Duren, to set up a title in his son, is a mere bald pretense, utterly unsupported by the evidence.

*Kershaw* and *Allison*, contra:

First. Can the verdict be maintained in its present form ?

Location is a question of evidence, and the finding of a jury thereon will not be disturbed where there is no misdirection of the Judge, unless for manifest error.—*Izard* vs. *Montgomery*, 1 N. & M., 381; *Couts* vs. *Matthews*, 2 N. & M., 99; *Walsh* vs. *Holmes*, 1 Hill, 12; *Bann* vs. *Bobo*, 14 Rich., 51; *Evans* vs. *Corley*, 9 Rich., 143.

This Court has declared that it has no jurisdiction for the correction of "errors of fact or wrong conclusions of fact drawn from proof or evidence," except in cases of chancery.—*Sullivan* vs. *Thomas*, 3 S. C., 545.

The form of the verdict was substantially consented to by both parties.

Ordinarily juries can only find upon the issues presented by the pleadings, but at the request of parties they may express an opinion distinct from their verdict, as in this case.—*Hartshorn* vs. *Wright*, Pet., 66, 64.

Second. Can the verdict be treated as a *general verdict* for defendant?

The superadded words may be rejected as surplusage—"mere useless matter, not qualifying their previous meaning."

*City Council* vs. *Wickman*, 2 Speer, 374: "We find for the plaintiff the within lot," describing it by metes and bounds, held good as a general verdict for plaintiff, and the rest rejected as surplusage.

*Frean* vs. *Cruikshanks*, 3 McC., 84: Before the jury could find any verdict for defendant they must have been satisfied that plaintiff's case had failed. They need not have found affirmatively as to the right of defendant. They were induced to go beyond by the remarks of the counsel and the Court. There is no uncertainty as to their finding if the addition be rejected. Defendants ought not to suffer by reason of their going beyond their duty.

Third.  As a general finding for defendant, can it be sustained?

(a.) It was a question of evidence as to location and possession, and the evidence was conflicting.

(b.) The preponderance of evidence of possession was with defendants.

(c.) The Blair survey was evidently an attempt to appropriate the Robinson land, in violation of plaintiff's own title deeds, and the jury were justified thereby in drawing inferences unfavorable to plaintiff's claim under it.

The possession of plaintiff's tenants, with the exception of transient trespassers, after 1853, were all within the smaller location of the Walker grant.

They could not affect the owners of the Robinson land.—*Duren* vs. *Massey*, 3 S. C., 34.

The mere survey of the land, continued systematic trespasses, casual acts of ownership, cutting timber, &c., is not such a posession as will divest the owner of his right or create and be bar of the Statute of Limitations.—*Bailey*, vs. *Irby*, 2 N. & McC., 343; *White*, vs. *Reid*, *idem*, 534.

But as these are matters of fact within the purview of the jury to determine, this Court will not interfere.—*Sullivan* vs. *Thomas*, 3 S. C., 545.

May 18, 1876.  The opinion of the Court was delivered by

Moses, C. J.  This was an action of trespass to try title, in which the defendant, after pleading the general issue by a plea not very artificially drawn, justified the trespass alleged in the declaration by averring title to the *locus in quo* in his infant son, Thomas R. Duren, in right of whom he entered.  There was no exception to the charge of the presiding Judge, nor any request and refusal to charge before the jury left their seats.

The difficulty arises from the form of the verdict, which, after finding "for the defendant the land in dispute," with a seeming purpose to define the boundaries to which it intended to refer, is accompanied with the further words: "The land in dispute wherein we find for the defendant is that occupied by Wiley R. Duren and designated on plat by a piece of white paper."  The jury were not to blame for the form which they adopted in responding to the issues raised by the pleadings, for the Court, before they retired, asked of the counsel on the respective sides, " What should be the

form of the verdict?"   While the plaintiff's attorney replied, "If for the plaintiff, it should be ' We find for the plaintiff the land in dispute and damages.'"   The attorneys for the defendant answered : "If for defendant, it should be ' We find for the defendant the land in dispute. '"   And the presiding Judge, on these responses being made, instructed the jury to shape the verdict the one way or the other in conformity to them.   The plaintiff, not being able to contest the verdict for error of law, not having made a single exception to the charge of the Court, now seeks to set it aside as not representing any conclusion by the jury on the issues submitted.

The issues made by the pleadings presented questions which were only to be affirmatively or negatively answered by the jury.   If affirmatively, then the plaintiffs were entitled to recover ; if negatively, then, as they failed to sustain the allegations of their declaration, they took nothing by their action, and the defendant was entitled to a verdict, which would have amounted to no more than the expression by the jury that the plaintiffs had not proved their case.

The finding, then, was really of the "substantial matter" involved in the pleadings.   Mr. Justice Washington, in *Patterson* vs. *U. S.*, (2 Wheat., 225,) says : "It is true that if the jury find the issue, and something more, the latter part of the finding will be rejected as surplusage."   In delivering the opinion of the Court in *Week-man* ads. *City. Council*, (2 Speer, 395,) Judge Wardlaw said : "It is only when a verdict, before certain and valid, has been cumbered by the addition of useless matter not qualifying the previous meaning that the addition can be rejected as surplusage." In the case at bar, the verdict, without the words which " cumber" it, was certain as to the intention of the jury, and valid as their expression on the very issues on which they were to pass.   To set it aside, because of additional words, which do not really qualify the judgment of the jury on the material issues involved, and thus permit a second trial, where nothing in the course of the trial was excepted to, would be without any sufficient cause, and more particularly here, when the plaintiffs by their silence at the time they should have spoken contributed to the very error of which they now complain.   The verdict must stand and be recognized simply as one for the defendant, and only as such have effect.

The motion is dismissed.

*Wright*, A. J., and *Willard*. A. J., concurred.