17072

LOIS JACKSON, Respondent, v. WALTER H. SOLOMON, trading and doing business as A. M. SOLOMON & SONS, Appellant

(89 S. E. (2d) 436)

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant,*

*Messrs. Hope, Willcox & Cabaniss,* of Charleston, *for Respondent,*

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant, in Reply,*

October 10, 1955.

BAKER, Chief Justice.

This was an action in the Court of Common Pleas for Charleston County to recover actual and punitive damages for personal injuries and property damage sustained on September 15, 1953, allegedly resulting to plaintiff-respondent when an automobile owned and operated by her was involved in a collision in the City of Charleston with a furniture truck owned by the defendant-appellant and operated by one of his agents. The complaint charged that the appellant's truck was negligently, carelessly, recklessly, willfully and wantonly driven into and against the respondent's automobile at the intersection of Line and Ashe Streets in the said City, and

that in addition to the property damage to her automobile, the respondent was seriously and permanently injured.

The appellant's answer admitted the formal allegations of the complaint such as his residence, the ownership of the truck involved in the collision, and the agency of the driver, but denied all remaining allegations of the complaint, and set up the defenses of sole and contributory negligence, carelessness, recklessness, willfulness and wantonness of the respondent as the proximate cause of her property damage and personal injuries; and in enumerating the acts constituting negligence, carelessness, recklessness, willfulness and wantonness on the part of the respondent, among others, alleged, "In failing and neglecting to do anything whatsoever to avoid a collision although the Plaintiff knew or by the exercise of due care could have seen that a collision would occur."

Upon the trial of the issues thus joined, the jury rendered a verdict in favor of respondent against the appellant for $429.67 actual damages and $570.33 punitive damages to property, and $36,000.00 actual personal injury damages. A motion for a new trial was noted and thereafter argued, upon the following grounds:

"1. That the verdict is the result of caprice, passion and prejudice;

"2. That the verdict is contrary to the charge of the court and illogical in that the verdict does not separately state the amount of actual and punitive damages;

"3. That the court erred in not instructing the jury that any future damages must be reduced to reasonable certainties and not to probabilities;

"4. That the court erred in not granting the defendant's requested instruction as to the *last clear chance* doctrine; and

"5. In the alternative for a new trial *nisi* in that the verdict of the jury is excessive."

The trial Judge granted appellant's motion for a new trial *nisi,* that is, "unless the plaintiff remit upon the record with-

in five (5) days from the service of this order the sum of seven thousand ($7,000.00) dollars of the award herein for personal injury damage, and upon such remission on the record, judgment to be entered for the remainder of the verdict herein."

The paragraph in the order immediately preceding the granting of a new trial *nisi* reads:

"While the verdict does not indicate caprice, passion or prejudice, I am of the opinion that it should be reduced in the amount of seven thousand ($7,000.00) dollars, in so far as the amount awarded for personal injury damage."

The respondent, within the time limit, remitted $7,000.00 of the verdict for personal injury.

There is no dispute between the litigants as to the "Questions Involved" in this appeal, which are as follows:

"I. Should the trial Court have charged the jury on the doctrine of the 'last clear chance'?

"II. Should the Court have charged the jury that recovery for future disability and pain and suffering is limited to the duration of time it is reasonably certain that the same would of necessity exist?

"III. Should a new trial be granted upon the ground that the verdict was excessive and capricious?"

At the conclusion of the trial Judge's charge to the jury, and pursuant to Act No. 27 of the statutes at large of 1953, stated in the *nisi* order of the trial Judge to be Section 10-1210, 1953 Supplement to the 1952 Code of Laws, the jury was temporarily excused and opportunity given to counsel to not only make additional requests to charge, but also to express objections to the charge as already made. It was at this time that counsel for appellant verbally made a left-handed request that the trial Judge charge the doctrine of the "last clear chance," which request was refused.

This request to charge apparently stemmed from the testimony of a helper riding on the truck of appellant, and who

testified that the truck was stopped about midway Line Street (the street on which respondent was traveling), with sufficient room in front thereof for respondent to have driven around and thus avoided any injury to either her automobile or herself; and that when the truck came to a stop the automobile driven by respondent was 50 or 75 feet from the truck.

Ashe Street, on which the truck had been traveling from a southerly direction, enters or intersects Line Street several feet west of its continuation after passing over Line Street, which necessitated a vehicle being driven thereon and intending to continue to be driven thereon after passing over Line Street, to first make a right turn upon reaching said Line Street, or traveling in an easterly direction, and then a left turn to again enter upon the continuation of Ashe Street to the north of Line Street. It was the intention of the driver of the truck to continue north on Ashe Street after crossing Line Street.

The respondent was driving her car on Line Street in a westerly direction at about ten miles per hour, according to her testimony. She testified that the truck was driven into the front left side of her car; and the appellant's only eyewitness to the collision, the helper on said truck, testified that the truck had been stopped about halfway across Line Street with the front thereof at an angle toward the continuation of Ashe Street to the north of Line Street, and that respondent drove her car into the right front end of the truck.

It is unnecessary to now decide whether the last clear chance doctrine is ever available to a defendant as against a plaintiff; that is to say, whether such doctrine is ever applicable to a plaintiff. But even if we should be inclined to view the so-called doctrine as available to a defendant, it seems to us that we don't have to say so in the present case for the reason that the appellant did not plead it. From 38 Am. Jur., Negligence, Par. 271, which we cited with approval in *Bishop v. Atlantic Coast Line R. Co.*, 213

S. C. 125, 48 S. E. (2d) 620, it would seem that under our rules of pleading in negligence cases, the plaintiff should, in order to avail himself of the doctrine of last clear chance, allege in his complaint facts definitely giving rise to a situation permitting recovery after an awareness of peril, or when the peril should have been discovered in time to avoid injury. In paragraph 227 of the same title (38 Am. Jur., p. 911), it is pointed out that some authorities hold the doctrine "equally applicable to the rights of a defendant and those of a plaintiff." Logically, therefore, a defendant seeking to invoke the doctrine should be required to plead facts definitely giving rise to a situation precluding recovery by the plaintiff because of his ability to have avoided the peril after his awareness of it.

In the instant case the defendant-appellant has pleaded in his answer that the injury to the plaintiff-respondent was proximately caused by her sole negligence, carelessness, willfulness and wantonness; and by her contributory negligence, carelessness, willfulness and wantonness. Therefore, under the circumstances prevailing at the time of the collision, according to appellant's contention, the "last clear chance" doctrine was encompassed in his said defenses, said doctrine never having been intended to supersede the defenses of sole negligence and of contributory negligence, nor to bring into play the rule of comparative negligence. The trial Judge charged generally the law of sole negligence and contributory negligence, and if appellant desired any amplification of his charge, it was the duty of counsel to state to the Court clearly what phase of it he had in mind. There is no exception to the Judge's charge of the law relating to said pleaded defenses. We invite attention to the full discussion of, and the statement of the law in reference to sole negligence and contributory negligence contained in the opinion in *Seay v. Southern Railway-Carolina Division,* 205 S. C. 162, 31 S. E. (2d) 133.

Immediately prior to closing respondent's case upon the trial thereof, counsel for respondent stated that the trial Judge would be requested to charge the

Mortuary Table statute. Whereupon, the trial Judge instructed such counsel to read into the record what that table gives as to the life expectancy (of respondent). "Mr. Hope: According to Section 26-12 of Volume three of the South Carolina Code, 1952, the life expectancy of Mrs. Lois C. Jackson (the respondent) is 30.08 years." It will be noted that this went into the record without objection, and after the testimony of Dr. Robert J. Baker, a witness on behalf of respondent, as follows:

"Q. Doctor, this accident having occurred in September of 1953, with that history, and from your examination, what is your prognosis and opinion as to Mrs. Jackson's future condition? A. Well, as long as the scartissue is squeezing on this nerve, she is going to have pain. The nerve is of small caliber, and is being squeezed in this scarred area (indicating on chart). Scar is something that will last indefinitely, and I would judge she would have some degree of pain indefinitely. These pains usually subside some, but I would not be able to predict when, if ever, she would be free of pain.

"Q. In your opinion, is it possible or probable that this would be of a permanent nature? A. She will probably have pain for many years in some degree, and it is quite probable that she will never be completely free of all pain."

With reference to the personal injury damages alleged to have been sustained by the respondent, the trial Judge charged the jury that pain and suffering resulting from injury received in the collision were proper elements of actual damage to be considered, and that they should take into consideration whether such damages were permanent or temporary in nature.

No objection to the trial Judge's charge thereabout was made when the jury was temporarily excused in compliance with the statute of 1953, reference to which has been made above, nor was any amplification thereof requested. Therefore, in the light of the medical testimony on behalf of the respondent, we can see no omission of duty in his charge, prejudicial to the appellant.

We now reach appellant's third and last of the stated "Questions Involved." It has hereinbefore been noted that the trial Judge granted the appellant a new trial unless the respondent remitted on the record $7,000.00 of the verdict of the jury for $36,000.00 actual damages for personal injury, and that respondent had complied with the order, which left her a judgment for $29,000.00 actual damages for personal injury. In his order granting a new trial *nisi,* the trial Judge definitely stated that the amount of the verdict did not indicate caprice, passion or prejudice. Therefore, he evidently reduced the verdict for the reason that it was, in his opinion, unduly liberal, and therefore excessive.

In *Bowers v. Charleston & W. C. Ry. Co.,* 210 S. C. 367, 375, 42 S. E. (2d) 705, 708, it is stated:

"In one class of cases the verdict may be deemed excessive, and yet the case may be such as to indicate merely undue liberality on the part of the jury. To reduce the verdict in such a case to proper proportions by the granting of a new trial *nisi* works substantial justice to both parties to the litigation, and promotes the general policy of the courts to bring litigation to an end without unnecessary repetitious trial. In such cases the verdict is not inherently vicious, in the sense that it indicates that the jury was moved by passion or prejudice, rather than by a due regard for the facts of the case and the instructions of the Court. The vice in such a verdict is merely that, in the view of the Court, it is not in accord with accepted judicial standards for measuring damages under the facts of the particular case. As aforestated, it is in this class of cases that the Circuit Court may in its discretion grant a new trial *nisi.* Where it has refused to do so, this Court will not usually interfere, the matter being one within the sound discretion of the Circuit Court.

"In the other class of cases the verdict is so grossly excessive as to be deemed to be the result of a disregard of the facts and of the instructions of the Court, and to be due to passion and prejudice rather than reason. Where this is found to be the case, it is the verdict itself, rather than merely

the amount of the verdict, which is inherently vicious, and the verdict should not be permitted to stand whether the question arises in the Circuit Court or in this Court."

As stated in *Gordon v. Rothberg,* 213 S. C. 492, 505, 50 S. E. (2d) 202, 208, "This Court will not usually interfere in the amounts of verdicts, the matter being one ordinarily within the sound discretion of the Circuit Court, unless the verdict is so grossly excessive as to be deemed the result of a disregard of the facts, and of the instructions of the Court, and to be due to passion and prejudice rather than reason."

Paraphrasing from *Bowers v. Charleston & W. C. Ry. Co., supra,* while some members of the Court are somewhat disturbed over the amount of the verdict, we cannot say as a matter of law that the trial Judge committed an abuse of discretion in failing to reduce the verdict as rendered by the jury more than he did, taking into consideration the greatly depreciated value of a dollar.

All exceptions are overruled and the judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.