18662

Myrtle RHODES, Respondent, v. WINN-DIXIE GREENVILLE, INC., Appellant. Arthur RHODES, Respondent, v. WINN-DIXIE GREENVILLE, INC., Appellant.

(155 S. E. (2d) 308)

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellant,*

*Messrs. Isadore Lourie* and *Henry Hammer,* of Columbia, *for Respondents,*

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellant,* in Reply,

June 5, 1967.

LITTLEJOHN, Justice.

Myrtle Rhodes fell on the floor and was injured while shopping in the store of Winn-Dixie Greenville, Inc. She has sued Winn-Dixie in tort for personal injuries and in a separate suit her husband, Arthur Rhodes, has sued for medical bills and for loss of consortium. The two cases were consolidated for trial. The jury found a verdict in favor of the plaintiff wife, Myrtle Rhodes, and a verdict against the plaintiff husband, Arthur Rhodes. For simplicity, the Myrtle Rhodes' case will be referred to as the wife's case; Arthur Rhodes' case will be referred to as the husband's case; and Winn-Dixie will be referred to as the store.

After the verdicts were rendered, the trial judge held that the verdicts were inconsistent; allowed the wife's verdict to stand, and ordered a new trial as to the husband's case.

In the husband's case the store appeals on the grounds that a new trial was erroneously granted.

In the wife's case the store appeals, somewhat conditionally, on the ground that, "If the verdicts were so inconsistent

as to necessitate a new trial in the husband's case, was it not error for the Trial Court to refuse to grant a new trial in the wife's case?"

The judge held and it must be conceded that the verdicts are inconsistent. It would have been appropriate for the trial judge to charge the jury that both cases must be decided for the plaintiffs or both for the defendant, and/or would have been appropriate for the trial judge to refuse to receive the inconsistent verdicts and recommit the cases to the jury under additional instructions. 89 C. J. S. Trial § 567b, p. 337.

It is undisputed that the husband assumed medical bills, which he was obliged to pay under the law. If the wife is entitled to a verdict, which the jury gave her, thereby finding liability, the husband should recover, too. On the other hand, if there is no liability, neither should recover. The store, by withdrawing its exception relating to refusal of the judge to grant a directed verdict or an order *non obstante veredicto,* concedes that there is at least a jury issue involved in both cases and we think the same inescapable.

The sole question for determination by this court is: Where two verdicts are irreconcilably inconsistent, is a new trial required in both cases?

There is a split of authority in the United States on this question. Some courts hold that where verdicts are absolutely irreconcilable, a new trial is required on both claims. Other courts attempt to analyze the two verdicts and determine what course of action should be pursued relative to each of the cases involved.

A verdict should speak the truth. Obviously, one of these verdicts is not speaking the truth because either both plaintiffs should have won or both plaintiffs should have lost, and the evidence is susceptible of no other reasonable inference. In one case or the other there was no fair trial. The jury refused to go by the law and the evidence in one case. Both plaintiffs sustained injuries: the wife

went to the hospital; the husband paid the bill. The right to recover depended upon the same alleged delict. The jury could not properly have found that the husband was not damaged because his testimony relative to at least some medical bills is not in dispute.

The jury could not, under the law, do what it did in this case. The court should not be required to speculate as to which verdict was valid and which was invalid. At best a determination by the judge as to which case should be tried over and which allowed to stand could involve only his own appraisal of the evidence. The reasoning of this court as stated by Justice Blease in the case of *Lorick & Lowrance, Inc. v. Julius H. Walker & Co.,* 153 S. C. 309, 150 S. E. 789, is equally applicable here:

"We are of the opinion that, from all the surrounding circumstances, the verdict rendered by the jury in this case was so confused and misleading that the same should not be allowed to stand, for it is too uncertain what the jury intended to find. A verdict of a jury should be upheld when it is possible to do so, and carry into effect what was clearly the intention of the jury. When a verdict is so confused, however, that it is not absolutely clear what the jury intended to do, the safest and best course for the court to pursue is to order a new trial. Judges and parties should not be required to guess as to what verdict a jury sought to render."

It is the duty of the court to sustain verdicts when a logical reason for reconciling them can be found. See 89 C. J. S. Trial § 562, p. 320. Under the facts in these cases it would have been just as logical to set aside the verdict in favor of the wife and let the verdict in the husband's case stand as it was to set aside the verdict in the husband's case and let the wife's verdict stand. Neither course could be pursued without the court's passing upon the evidence, which is the province of the jury alone.

These actions involve general verdicts and a finding for the wife indicates proof of injuries plus negligence and

proximate cause; the finding against the husband indicates that at least one of these three necessary elements was not proved. It is beyond question that both the husband and the wife sustained injuries—hers to the person, his to the pocketbook. The evidence relative to negligence and proximate cause was identical and applicable to both cases. If the jury had applied the law to the evidence as they were required to do, the verdicts would have been consistent. The two verdicts neutralize, nullify and destroy each other and must be disregarded. The jury blew hot and cold. From these two verdicts we know not if defendant was guilty of actionable negligence.

Both the plaintiffs and the defendant cite the case of *Ramer v. Hughes,* 131 S. C. 490, 127 S. E. 565, which involved similar facts, wherein the trial judge allowed the prevailing plaintiff's verdict to stand and, based on the evidence and the facts, granted a new trial to the losing plaintiff. Here in the husband's case the trial judge granted a new trial because the jury failed to follow the instructions of the court, which ruling is based on the law.

If that case be in conflict with the views herein expressed and to the extent that it is inconsistent with the ruling herein made, the *Ramer* case *supra* is overruled.

We hold that the trial judge properly granted a new trial to the husband, but conclude that he should have gone further and ordered a new trial for the wife and, accordingly, both cases must be tried again on all issues made up by the pleadings and they are remanded for that purpose.

Affirmed as to husband's case, reversed as to wife's case.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.