18843

Aileen B. CABLER, Respondent, v. L. V. HART, Incorporated.

(164 S. E. (2d) 574)

*Messrs. Carlisle Bean & Hines,* of Spartanburg, *for Appellant,*

*Shannon Henson, Esq.,* of Spartanburg, *for Respondent.*

Nov. 20, 1968.

LEWIS, Justice.

Plaintiff sustained an injury to her neck on December 11, 1966, when the station wagon she was driving was hit by a truck owned by defendant. This action was brought by plaintiff to recover for the injuries received in the collision. Defendant failed to timely answer the complaint and the lower court subsequently refused to permit an answer to be filed, holding that no facts were shown to justify excusing the default. Thereafter the issue of the amount of damages sustained by plaintiff was tried before the trial judge, without a jury, and defendant was permitted, without objection, to participate therein. The trial resulted in an award in favor of the plaintiff in the amount of $25,803.00, actual damages. Defendant has appealed from the judgment so entered, contending that the award was so excessive as to show that it was without support in the evidence, and capricious.

Under the exceptions and applicable legal principles, the sole question in this appeal is whether the record conclusively shows that an award to plaintiff of $25,803.00 is so excessive as to indicate that it was influenced by caprice, partiality, prejudice or other considerations not found in the evidence. If the evidence conclusively shows that the amount of the judgment was so influenced, a new trial must be granted upon that ground. On the other hand, if there is testimony upon which the lower court could have based the amount of its award, we must affirm the judgment. We have no power to review an award or verdict for mere excessiveness or undue liberality. *Jennings v. Mc-Cowan,* 215 S. C. 404, 55 S. E. (2d) 522.

The following from the order of the trial judge fairly reviews the testimony relative to plaintiff's injuries and sets forth the considerations which entered into the assessment of the amount of the damages.

"The plaintiff (Aileen B. Cabler) alleged in her complaint that the force of the collision with the truck caused her to be

thrown about in the car resulting in painful and permanent bodily injury and disability. She was 44 years of age at the time of the accident and has a life expentancy of 28.67 years. She is a housewife who sometimes assists her husband in his insurance business, but is not regularly employed. She has two minor children, seven and eleven years of age.

"Plaintiff sustained an injury to her neck, sometimes referred to as a 'whiplash' injury. She was not hospitalized, but was under medical treatment and supervision of Dr. James A. McCarthy, an orthopedist, during 1967. She made some six visits to Dr. McCarthy and two visits to her regular physician from the time of the accident until the testimony was presented in the case on December 20, 1968.

"Plaintiff testified that she returned to Spartanburg on the same day as the accident, and on the next day consulted her physician, Dr. George Price, at which time she was painfully sore and suffering from bruises on the right thigh and hip and about her head. After some four weeks of pain and soreness about her body generally and particularly in both arms, she consulted Dr. McCarthy, the orthopedist. She described her condition as muscle tightening and hardening which prevented the use of her arm, precipitated cramps in her hands and made it impossible for her to sleep and rest at night. She also had headaches and on occasions had to sleep on the floor or a hard bed because of the discomfort in her shoulders and neck. She received therapy treatments and for the first four months following the accident she wore a back brace much of the time. She states that her headaches have improved, but the pain in her shoulders and arms has intensified and become worse.

"Dr. McCarthy testified in much detail about the neck injury to this plaintiff. He first saw her on January 3, 1967, and described her injury as chronic cervical sprain, secondary to injury. During the ensuing visits she continued to have pain with progressive tightening of the neck, heaviness in the right arm, cramping of the left hand and limitation of motion of the neck. Based solely upon limitation of mo-

tion, Dr. McCarthy estimated that the disability of plaintiff would approximate 15 to 20% from normal for the whole body. It was recognized that the heaviness and cramping could be attributed to nerve irritation and damage. The doctor testified that plaintiff had improved about as much as she ever would. This means that her permanent disability is in the range of 15 to 20% and will likely get worse, according to the doctor. The injury and disability are complicated by back trouble which plaintiff had prior to the accident. She had a prior difficulty in the lumbar-sacral or lower spine region known as spondylolisthesis and she also had a form of degenerative arthritis which existed prior to the injury. While these conditions may possibly have caused pain and disability for plaintiff in the future if she had not been injured, they have been aggravated by the injury received.

"The basic question is the amount of damages to award plaintiff for her injury, pain and suffering and disability. Mrs. Cabler has a life expectancy of more than 28 years. She is a relatively young woman and has minor children who are quite young. Her duties and responsibilities as a wife, homemaker and mother are, of necessity deeply involved with her future and that of her family. Pain, suffering and disability decrease and diminish the joys and pleasures of a normal life especially with a family. * * * Mrs. Cabler is not an employed person as generally recognized and the measure of damages cannot be equated directly to loss of earning capacity."

Upon the basis of the foregoing considerations, the trial judge made the award in this case. While the amount of the judgment is large and has given some concern, we cannot say as a matter of law that it has no support in the record. There was testimony that plaintiff sustained permanent injury of a painful and disabling nature by reason of the aggravation of a preexisting phyiscal condition. While the medical testimony is to the effect that plaintiff probably would have eventually suffered some pain

from her preexisting condition, it is equally positive that the injury received has aggravated these prior conditions and will cause her to have "a greater degree of arthritic changes" than a person who has not received an injury. The pain and disability which plaintiff now has did not exist before and had its immediate onset with the injury received in the collision. We find no basis to hold that in assessing the damages for such injuries the trial judge was actuated by partiality, prejudice or other considerations outside the record.

Defendant argues however that the present judgment exceeds any amount previously awarded in similar cases which have received the approval of appellate courts, and that such fact should be persuasive in determining whether the award in this case is excessive. We have held that "the fact that no verdict of this size has been given heretofore for a simliar injury does not of itself portend excessiveness, passion, prejudice or capriciousness" and that "in determining whether a verdict is excessive it must be remembered that the maximum amount which a jury might properly award as damages under the evidence in a personal injury case cannot be determined with any degree of certainty, and must be largely a matter of judgment." *Haselden v. Atlantic Coast Line R. Co.,* 214 S. C. 410, 53 S. E. (2d) 60. See also: *Jackson v. Solomon,* 228 S. C. 225, 89 S. E. (2d) 436; *Watson v. Wilkinson Trucking Co.,* 244 S. C. 217, 136 S. E. (2d) 286; *Oliver v. Blakeny,* 244 S. C. 565, 137 S. E. (2d) 772.

Not only must the circumstances peculiar to each case be considered in determining the amount to be awarded for personal injuries, but we have long recognized that, in comparing present and past verdicts for similar injuries, consideration will be given "to the increased cost of living and the impaired purchasing power of money." *Haselden, supra.*

The difficulty in drawing comparisons with prior awards, in order to determine excessiveness, is especially evident in cases involving pain and suffering as an element of damage

because the nature and extent of the injuries and the suffering resulting therefrom is seldom, if ever, alike in any two cases. The judgment in this case included pain and suffering as a substantial element of damage and we have found a review of other awards of no aid in determining whether the judgment in this case was excessive.

The trial judge, in discussing the amount to be awarded, referred in his order to the worth to plaintiff "and her children" of the right of plaintiff to enjoyment of a normal life without pain and suffering. Defendant argues that this amounted to improperly awarding a judgment to the children when only the right of plaintiff to recover was involved. It is clear from the entire order of the trial judge that only the amount to be awarded plaintiff was being considered and that the mention of the children of plaintiff could have only had reference to the probable impairment of plaintiff's ability to perform her family obligations. Defendant's contention that the judgment included compensation to plaintiff's children is without merit.

In addition to the record made on the trial of the issue of damages, defendant sought to have included in the record for appeal a previous statement, allegedly made by the trial judge, to the effect that "corporations and insurance companies must be held to a higher standard of conduct than ordinary citizens." This statement was allegedly made during a hearing on a preliminary motion by defendant to be allowed to file an answer. Defendant argues that this statement indicated bias and prejudice against defendant's liability carrier, whose delay caused the default in this case, and that such bias was reflected in the amount of the judgment awarded.

In an oral order settling the case for appeal, the trial judge excluded from the present record the foregoing statement attributed to him. Whether or not the trial judge made the alleged statement is in dispute. In any event, however, if made by him, it was made during a hearing of the motion to relieve the defendant's default and

could only have had reference to the conduct of the insurance carrier in failing, as he found, to timely handle the defense of the case for the insured, since that was the only issue then before the court. There is nothing to indicate that the statement, if made, had any reference to the issues subsequently involved in the judgment from which this appeal is taken, or that the application of any improper standard of conduct influenced the amount of the judgment rendered by the trial judge.

The judgment is accordingly affirmed.

Moss, C. J., Bussey and Littlejohn, JJ., and Clarence E. Singletary, Acting Associate Justice, concur.