0929

NEW YORK CARPET WORLD, Appellant v. Carol W. HOUSTON and William M. Houston, Jointly and Severally, Respondents.

(354 S. E. (2d) 924)

Court of Appeals

*Wallace A. Mullinax, Jr.,* of *Horton, Drawdy, Ward & Johnson, P. A.,* Greenville, *for appellant.*

*Cecil M. Nelson, Jr.,* of *Wilkins, Wilkins, Nelson & Kittredge,* Greenville, *for respondents.*

Submitted Feb. 17, 1987.

Decided April 6, 1987.

SHAW, Judge:

Appellant, New York Carpet World, appeals from jury verdicts amounting to a net award of $5,771.00 in favor of respondents, Carol W. and William M. Houston. We affirm.

The Houstons purchased some carpet and vinyl flooring from New York Carpet World. They made a $1500.00 down payment, leaving a balance of $4,729.19.[1] The Houstons later refused to pay this balance claiming the carpet was defective and both the carpet and vinyl flooring were negligently installed by New York Carpet World.

New York Carpet World then brought this action for breach of contract. The Houstons answered and counterclaimed for, among other things, breach of contract, breach of warranty, and negligence. The trial court directed a verdict for the Houstons on their counterclaim for breach of warranty and sent this issue to the jury only for a determination of damages.

The jury returned a verdict for New York Carpet World on its claim for breach of contract for $4,729.00. The jury also awarded the Houstons $7,500.00 for breach of contract,

---

[1] This sum reflects adjustments the parties made to the original balance due following negotiations.

$1,000.00 for breach of warranty, and $2,000.00 for negligence. This amounts to a net award for the Houstons of $5,771.00.

New York Carpet World first claims the trial court erred in denying its motion for a new trial *nisi* on the Houstons' counterclaims because the jury's verdicts are not supported by the evidence.

A motion for a new trial *nisi* is directed to the sound discretion of the trial judge and this court will not interfere with the judge's decision unless the verdict is wholly unsupported by the evidence. *Jenkins v. Dixie Specialty Company, Inc.*, 284 S. C. 425, 326 S. E. (2d) 658 (1985). Furthermore, jury verdicts should be affirmed if, "it is possible to do so and carry into effect the jury's clear intention." *Johnson v. Parker*, 279 S. C. 132, 303 S. E. (2d) 95, 97 (1983).

The following evidence was presented at trial. The carpet delivered to the Houstons was of a poorer quality than the sample they relied on at the time of purchase. The carpet is defective and worthless to the Houstons. A seam in the vinyl flooring between rooms has come apart and needs to be repaired. Although New York Carpet World agreed to install the carpet and vinyl flooring by September 29, 1984, the installation was not completed until October 23, 1984. This delay caused the Houston inconvenience and discomfort because they had to live in the house during this time with furniture piled in the rooms and particle board floors.

Mr. Houston testified he will now have to remove the carpet and replace it and pay an installation charge of $2,000.00. Mr. Houston, who has already lost approximately fifteen hours from work due to problems with the carpet, will lose more time due to the replacement of the carpet, thereby forfeiting the $20.00 per hour he earns as a contractor.

Based on this evidence in the record, we hold the trial judge did not abuse his discretion in denying the motion for a new trial *nisi*.

New York Carpet World next argues the trial court erred in submitting the Houstons' counterclaims for breach of contract, negligence, and breach of warranty to the jury because this resulted in the Houstons

receiving more than one recovery for the same elements of damage. We disagree.

While the Houstons could have received a double recovery under their negligence and breach of warranty causes of action, they did not necessarily do so. The jury could have awarded damages under the breach of warranty cause of action for defective material only and damages under the negligence cause of action for improper installation only.

It is this court's duty to uphold jury verdicts if they can be logically reconciled. *Haskins v. Fairfield Electric Cooperative*, 283 S. C. 229, 321 S. E. (2d) 185 (Ct. App. 1984); *Rhodes v. Winn Dixie of Greenville*, 249 S. C. 526, 155 S. E. (2d) 308 (1967). Since the jury's verdicts in this case do not necessarily permit the Houstons a double recovery and can be reconciled, we hold the trial court did not commit reversible error.

Finally, New York Carpet World claims the trial court erred in failing to grant a new trial when the jury found both parties in breach of contract and awarded each damages because the verdicts are inconsistent.

A party must raise any question affecting the verdict by moving for a new trial. *Lites v. Taylor*, 284 S. C. 316, 326 S. E. (2d) 173 (Ct. App. 1985). Since New York Carpet World did not move for a new trial on the grounds the verdicts on the breach of contract causes of action were inconsistent, this issue was not preserved for review on appeal. *Lites*, 326 S. E. (2d) at 175.

Affirmed.

GARDNER and BELL, JJ., concur.