2265

Evelyn Brumley VINSON, Respondent v.
Ruby McLemore JACKSON, Appellant.

(452 S.E. (2d) 16)

Court of Appeals

---

*Jack L. Nettles* and *Clifford C. McBride,* both of *Nettles & Nettles,* Florence, *for appellant.*

*W. Carole Holloway* and *Martin S. Driggers,* Hartsville, and *Finley B. Clarke,* Florence, *for respondent.*

Heard Oct. 4, 1994.

Decided Dec. 13, 1994; Reh. Den. Jan. 19, 1995.

CONNOR, Judge:

During the trial of this automobile accident each party claimed the other ran the red light at an intersection. The trial judge entered judgment for the plaintiff, Evelyn Brumley Vinson, by reconciling the jury's verdict with the evidence presented. The defendant, Ruby McLemore Jackson, appeals. We affirm.

The trial judge submitted the following verdict forms to the jury:

VERDICT FORM 1
WE, THE JURY, FIND FOR THE PLAINTIFF(S) Evelyn Brumley Vinson, AGAINST THE DEFENDANT(S) Ruby McLemore Jackson IN THE SUM OF _____ DOLLARS, ACTUAL DAMAGES.

VERDICT FORM 2
WE, THE JURY, FIND FOR THE DEFENDANT(S) Ruby McLemore Jackson, AGAINST THE PLAINTIFF(S) Evelyn Brumley Vinson ON THE COUNTERCLAIM IN THE SUM OF _____ DOLLARS, ACTUAL DAMAGES.

VERDICT FORM 3
WE, THE JURY, FIND FOR THE DEFENDANT(S) Ruby McLemore Jackson.

The jury entered the following verdict:

WE, THE JURY, FIND FOR THE DEFENDANT(S) _____
Ruby McLemore Jackson—49% AGAINST THE PLAIN-
TIFF(S) Evelyn Brumley Vinson—51% ON THE COUN-
TERCLAIM IN THE SUM OF **fifteen thousand, one
hundred twenty six dollars and nine cents.**
(AMOUNT IN WORDS)
   DOLLARS, ACTUAL DAMAGES.
             $29,659
         x 51%
         $15,126.09

                                   s/ _____
                                      FOREPERSON

The portions in bold were handwritten on the form.

During the trial, Vinson offered evidence of the following damages:

   Medical bills — $6,919.28
   Lost wages — $2,700
   Pain and suffering
   Scars

Jackson offered evidence solely of property damages of $3,000.

The trial judge charged the jury the law of comparative negligence. Then he told them Vinson sought compensatory damages for injuries sustained, including pain and suffering, emotional or mental anguish, medical bills, loss of wages, impairment of health or physical condition, loss of enjoyment of life and disfigurement. He explained Jackson sought recovery on her counterclaim for property damage to her vehicle only. He further admonished the jury not to base its verdict on speculation or conjecture, but on the proof in the case.

After beginning deliberation, the jury sent the following questions to the trial judge:

   What is the definition of comparative negligence? What baseline do we use to determine money amounts in reference to comparative negligence?

In response, the judge repeated his general negligence and comparative negligence charges. He next told them to determine the total amount of damages sustained by each party,

and then reduce that amount by the party's comparative fault. He explained:

> For example, . . . [if] you determine in any case, not this one, but in any case, that the damages of a party was $10,000, the total amount of damages, and then you determine that that party's at fault comparative negligence was 10 percent, you would take 10 percent of that $10,000 and reduce it, subtract it off, and then give that verdict.
>
> So in essence, what you do, if you determine that a party is entitled to recover, you determine the total amount of damages that should be awarded in totality first, and then you reduce it down by the contribution of comparative negligence at fault in a mathematical reduction. In reference to your analysis of the matter in simplistic terms, if you determine that the fault is equal, that is, 50 percent, 50 percent, that's easy, because you determine the total amount of damages . . . and one half it.

After the judge dismissed the jurors, Vinson's counsel asked him to repeat the verdict. Vinson then asserted the jury used the wrong form and intended to render a verdict for the plaintiff, not the defendant. He moved to conform the verdict to the proof in the case, allowing Vinson to recover, since Jackson's property damages obviously did not approach the $29,659 verdict the jury rendered. Jackson argued the jury found for her and the judge should remit the amount to conform to the evidence.

After hearing arguments, the judge ruled the jury intended to award Vinson $15,126.09, and ordered the clerk to enter a verdict for her in that amount. Jackson appeals.

When the attorneys first became aware of the confusion both sought new trials. However, neither Jackson's motion to amend the judgment under Rule 59(e), SCRCP, nor Vinson's responsive motion[1] sought new trials. Jackson now asks us to reverse the decision of the trial judge and remand the case for entry of judgment in the amount of $1,530.00, or 51% of $3,000.00. At oral argument her attorney plainly stated she seeks only reversal and remittitur, not a new trial.

---

[1] Vinson moved to question the forewoman about what the jury meant, but Jackson objected.

Courts must sustain verdicts when a logical reason for reconciling them can be found. *Rhodes v. Winn-Dixie Greenville, Inc.*, 249 S.C. 526, 155 S.E. (2d) 308 (1967); *Haskins v. Fairfield Elec. Coop.*, 283 S.C. 229, 321 S.E. (2d) 185 (Ct. App. 1984), *overruled on other grounds by O'Neal v. Bowles*, — S.C. —, 431 S.E. (2d) 555 (1993); *see also New York Carpet World v. Houston*, 292 S.C. 101, 354 S.E. (2d) 924 (Ct. App. 1987) (a jury's verdict should be affirmed if it is possible to do so and carry into effect the jury's clear intention). Based upon the monetary figures the jury used, the trial judge logically reasoned it intended to award Vinson 51% of her damages. The record contained no basis for the jury to have determined the defendant ought to recover 51% of $29,659 on her counterclaim. Although the jury used the verdict form stating, "we find for the defendant," in light of the evidence produced at trial, it is logical that the jury intended to find for Vinson. Accordingly, the trial judge did not err in reconciling the verdict in favor of Vinson.

Affirmed.

CURETON, J., concurs.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent.

The majority, ignoring the plain language used by the jury, holds a verdict that reads "we the jury find for the defendant [ ] Ruby McLemore Jackson—49% against the plaintiff [ ] Evelyn Brumley Vinson—51% on the counterclaim in the sum of fifteen thousand, one hundred twenty six dollars and nine cents" is not a verdict for the defendant against the plaintiff on the counterclaim for the stated amount. The majority says such a verdict is a verdict for the plaintiff against the defendant.

The majority does not take the jury, whose foreperson was a school teacher, at its word. The jury found "for the defendant"; it found in favor of the defendant "against the plaintiff"; and it found for the defendant "on the counterclaim." The jury made these three findings after choosing not to use two other prescribed verdict forms, one awarding the plain-

tiff an amount of damages and one simply finding for the defendant.

The factors and product appearing at the bottom of the verdict form, which are not part of the verdict itself and therefore ought to be ignored, merely indicate how the jury came up with the amount of $15,126.09. They indicate nothing more. *See Massey v. Duren*, 7 S.C. 310, 316 (1876) (additional matter in a verdict that does not qualify the jury's findings on the material issues provides no basis for setting the verdict aside where the verdict is "certain as to the intention of the jury, and valid as their expression on the very issues on which they were to pass"). There is no explanation at all regarding what these figures represent. To suggest they mean anything in particular is to engage in utter speculation. Why the jury did the computation and expressed the product in its verdict favoring Jackson on her counterclaim cannot now be ascertained.[1]

The jury expressly said it found for Jackson and against Vinson on the counterclaim, finding, as I read the verdict, Jackson 49 percent at fault an and Vinson 51 percent at fault. The trial judge had instructed the jury that comparative negligence would defeat a recovery by a party if the party's fault was greater than the fault of the other party. The jury knew, then, its finding that Vinson was 51 percent negligent would result in Vinson's not being entitled to an award of damages.

---

[1] The majority bases its decision on the "monetary figures the jury used," rather than, as noted in the body of my dissent, the words the jury used. But the figures support my view, not the majority's.

The trial judge instructed the jury, as the majority points out, it should "determine the total amount of damages that should be awarded in totality first, and then reduce it down by the contribution of comparative negligence at fault in a mathematical reduction."

The jury, apparently, did just that. The computation appearing on the verdict form suggests the jury determined the total amount of damages that should be awarded in totality first, *i.e.*, $29,659.00. Where the latter figure came from is anybody's guess. At any rate, the jury "then reduce[d] it down by the contribution of comparative negligence at fault in a mathematical reduction," *i.e.*, it multiplied "the total amount of damages" by Vinson's 51 percent fault and arrived at the figure of $15,126.09. The jury then awarded *Jackson*, not Vinson, this amount. The $15,126.09 awarded Jackson, who the jury found was 49 percent at fault, represents 51 percent of the total damages.

As I say, however, the computation should be ignored because it does not constitute part of the verdict.

*See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E. (2d) 783, 784 (1991) ("[A] plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant.").

In other words, the verdict means simply that Vinson was 51 percent negligent; Jackson was 49 percent negligent; Vinson was not entitled to a verdict against Jackson, but Jackson was entitled to a verdict against Vinson on the counterclaim; and Jackson should receive $15,126.09 in damages. *See Johnson v. Parker*, 279 S.C. 132, 135, 303 S.E. (2d) 95, 97 (1983) (a jury's verdict should be affirmed if "it is possible to do so and carry into effect the jury's clear intention.").

I agree, however, the jury awarded Jackson too much in damages; therefore, I would remand for the trial court to reduce the verdict by $13,596.09 and to award Jackson' $1,530.00. The latter amount is 51 percent of the damages reflected by Jackson's evidence. *Cf. O'Neal v. Bowles*, — S.C. —, —, 431 S.E. (2d) 555, 556 (1993) ("[O]n appeal of the denial of a motion for a new trial *nisi*, this Court will reverse when the verdict is grossly inadequate or excessive requiring the granting of a new trial absolute.").

For this court to affirm the trial court's standing the jury's verdict on its head, as the majority has done, is nothing short of condoning a usurpation of the jury's function. *See Stone & Clamp, Gen. Contractors v. Holmes*, 217 S.C. 203, 207, 60 S.E. (2d) 231, 233 (1950) ("The trial judge cannot, under the power of amending the verdict, invade the province of the jury or substitute his verdict for theirs.") (citation omitted).