491 S.E.2d 249

**Evelyn Brumley VINSON, Respondent,**

v.

**Ruby McLemore JACKSON, Petitioner.**

**No. 24684.**

Supreme Court of South Carolina.

Heard Jan. 11, 1996.
Decided Sept. 2, 1997.
Rehearing Denied Oct. 10, 1997.

Jack L. Nettles and Clifford C. McBride, both of Nettles & Nettles, P.A., Florence, for petitioner.

Martin S. Driggers, of Driggers & Baxley, Hartsville and Finley B. Clarke, Florence, for respondent.

FINNEY, Chief Justice.

We granted certiorari to review the Court of Appeals' decision in *Vinson v. Jackson*, 317 S.C. 166, 452 S.E.2d 16 (Ct.App.1994). We reverse and remand for a new trial.

A jury trial was held to determine the liability for damages resulting from an automobile collision. Evelyn Vinson introduced evidence of the following damages: medical bills $6,919.28; lost wages $2,700; pain, suffering and scars. Ruby Jackson counterclaimed for $3,000 in property damages.

The trial judge gave the jury three verdict forms to choose from. Verdict Form # 1 was to be used if the jury found for Vinson, Verdict Form # 2 was to be used if the jury found for Jackson on her counterclaim and Verdict Form # 3 was to be used if the jury found for Jackson on Vinson's claim. After

the jury began deliberations, they asked the judge to recharge the law on comparative negligence. Subsequently, the jury returned the following verdict using Form # 2:

WE, THE JURY, FIND FOR THE DEFENDANT(S) *Ruby McLamora [sic] Jackson—49%,* AGAINST THE PLAINTIFF(S) *Evelyn Brumley Vinson—51%* ON THE COUNTERCLAIM IN THE SUM OF *fifteen thousand, one hundred twenty six dollars and nine cents.* DOLLARS, ACTUAL DAMAGES.

$29,659
× 51%
———————
$15,126.09

s/ _____
FOREPERSON

The jury was dismissed without objection to the verdict. Afterwards, Vinson's attorney asked to have the verdict repeated. Vinson insisted the jury must have used the wrong form, because the evidence did not support damages for Jackson in the amount listed by the jury. Jackson argued the verdict form indicated the jury found in favor of Jackson on her counterclaim. The trial judge entered a verdict for Vinson (plaintiff) against Jackson (defendant) because he was convinced the jury intended to award damages to Vinson. Jackson moved for a judgment notwithstanding the verdict and alternatively for a new trial or new trial *nisi.* Her motion was denied.

On appeal, a majority of the Court of Appeals affirmed and found that although the jury used the verdict form stating "we find for the defendant" the evidence logically showed the jury intended to find in favor of plaintiff Vinson. Judge Goolsby dissented, finding that since the jury used Form # 2, the verdict was for Jackson on her counterclaim. We agree with the dissent and find the trial court erred in amending the verdict.

The verdict form expressly states the jury found for defendant Jackson on the counterclaim, however the amount awarded for actual damages is unexplainable. On its face, the verdict indicates the jury found Jackson 49% at fault and Vinson 51% at fault. The verdict becomes ambiguous when

the damages awarded are considered in light of the evidence presented. Jackson only counterclaimed for $3,000.

Once the jury in a civil case is discharged, the trial judge has little power to correct or amend a jury's verdict which, on its face, is unambiguous. *See Anderson v. Aetna Casualty & Sur. Co.*, 175 S.C. 254, 178 S.E. 819 (1934). "A jury verdict should be upheld when it is possible to do so and carry into effect the jury's clear intention. However, when a verdict is so confused that the jury's intent is unclear, the safest and best course is to order a new trial." *Johnson v. Parker*, 279 S.C. 132, 303 S.E.2d 95 (1983). The verdict is internally inconsistent and unexplainable. Accordingly, the appropriate remedy on appeal is to grant a new trial. We reverse and remand for a new trial.

REVERSED AND REMANDED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.