541 S.E.2d 242

**Alicia BOAN, Respondent,**

**v.**

**John BLACKWELL and Donald Blackwell, Petitioners.**

**No. 25236.**

Supreme Court of South Carolina.

Heard Nov. 1, 2000.

Decided Jan. 16, 2001.

David L. Moore, Jr., Love, Thornton, Arnold & Thomason, P.A., Greenville, for petitioners.

Leonard J. Spooner, James G. Carpenter, Jennifer J. Miller, Greenville, for respondent.

ON WRIT OF CERTIORARI TO
THE COURT OF APPEALS

PLEICONES, Justice:

We granted certiorari to the Court of Appeals to consider the jury charge in this automobile negligence case. *Boan v.*

*Blackwell,* Op. No. 99–UP–270 (S.C.Ct.App. filed April 29, 1999). We now hold that "loss of enjoyment of life" and "pain and suffering" are separately compensable elements of damages, and overrule *Boan v. Blackwell, supra,* and *Stroud v. Stroud,* 299 S.C. 394, 385 S.E.2d 205 (Ct.App.1989), to the extent they hold otherwise. Accordingly, we affirm the decision of the Court of Appeals as modified.

Petitioners admitted liability, and the only issue for the jury was the amount of damages to be awarded to respondent. In the course of charging the jury on damages, the trial judge stated:

> In determining the amount of compensation for personal injuries, it is proper to take into consideration past and present aspects of that injury. This would include, as I have told you, **physical and mental pain and suffering endured,** expenses incurred for necessary medical treatment, loss of time and income which resulted from the impairment of the ability to work, **the loss of enjoyment of life suffered as a result of the injury,** and any other losses which are reflected by the character of the injury. Now in this connection, I charge you that mental pain and suffering, sometimes called mental distress, is a proper element of actual damages where it is the natural and proximate consequence of a negligent act committed by another.
>
> Now an injured party may also recover for such future damages as it is reasonably certain will of necessity result from the injury received. The principal underlying compensation for future damages is that only one action can be brought, and, therefore, only one recovery had. It is proper to include in the estimate of future damages compensation for pain and suffering which will with reasonable certainty result. (emphasis added).

Petitioners objected to the charge, stating, "[Y]ou charged on both lost enjoyment of life and pain and suffering. Our courts have indicated that that is basically the same element of damages, and we don't believe they should be able to recover for it twice." The trial judge declined to act on petitioners' objection.

On appeal, the Court of Appeals held the single reference to "loss of enjoyment of life" in the damages charge "simply

indicated to the jury what it could consider when assessing damages for pain and suffering." *Boan v. Blackwell, supra.* The court acknowledged its holding in *Stroud v. Stroud, supra,* that loss of enjoyment of life is merely a component of pain and suffering and not a separately compensable element of damages. After reviewing the entire charge in this case, however, the court found no violation of *Stroud* and consequently held there was no reversible error. *Boan v. Blackwell, supra.*

We granted certiorari, and now hold that where there is evidence of "loss of enjoyment of life," South Carolina juries should be charged that this loss is a compensable element, separate and apart from pain and suffering, of a damages award. Although this Court has never directly decided this issue, we have acknowledged "loss of enjoyment of life" as a basis for a damages award in previous cases. *See Young v. Warr,* 252 S.C. 179, 165 S.E.2d 797 (1969) (paraplegic's loss of social and business activities is compensable intangible injury); *Cabler v. L.V. Hart, Inc.,* 251 S.C. 576, 164 S.E.2d 574 (1968) (proper to consider how pain, suffering, and disability "decrease and diminish the joys and pleasures of a normal life" in awarding damages); *see also Vinson v. Jackson,* 317 S.C. 166, 452 S.E.2d 16 (Ct.App.1994), *rev'd on the other grounds,* 327 S.C. 290, 491 S.E.2d 249 (1997); *Gethers v. Bailey,* 306 S.C. 179, 410 S.E.2d 586 (Ct.App.1991); *Gasque v. Heublein, Inc.,* 281 S.C. 278, 315 S.E.2d 556 (Ct.App.1984).

In *Stroud v. Stroud, supra,* the Court of Appeals held, "[l]oss of enjoyment of life is not a separate species of damage deserving a distinct award, but instead is only an element of general damages for pain and suffering." *Id.* at 396, 385 S.E.2d at 206. We disagree, and find more persuasive the decisions of the United States District Court for the district of South Carolina which permit a separate recovery for loss of enjoyment of life. *See McNeill v. United States,* 519 F.Supp. 283 (D.S.C.1981); *see also, e.g., Schumacher v. Cooper,* 850 F.Supp. 438 (D.S.C.1994); *Bates v. Merritt Seafood, Inc.,* 663 F.Supp. 915 (D.S.C.1987); *Kapuschinsky v. United States,* 259 F.Supp. 1 (D.S.C.1966).

An award for pain and suffering compensates the injured person for the physical discomfort and the emotional

response to the sensation of pain caused by the injury itself. Separate damages are given for mental anguish where the evidence shows, for example, that the injured person suffered shock, fright, emotional upset, and/or humiliation as the result of the defendant's negligence. *See, e.g., Turner v. ABC Jalousie Co. of North Carolina, Inc.,* 251 S.C. 92, 160 S.E.2d 528 (1968) (physical and emotional injuries may be compensable even where there is no threat of physical violence). .

▆▆▆ On the other hand, damages for "loss of enjoyment of life" compensate for the limitations, resulting from the defendant's negligence, on the injured person's ability to participate in and derive pleasure from the normal activities of daily life, or for the individual's inability to pursue his talents, recreational interests, hobbies, or avocations.[1] *See Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694 (Tenn.Ct.App.1999); *Sawyer v. Midelfort,* 227 Wis.2d 124, 595 N.W.2d 423 (1999); *K.M. Leasing, Inc. v. Butler,* 749 So.2d 310 (Miss.Ct.App.1999). For example, an award for the diminishment of pleasure resulting from the loss of use of one of the senses, or for a paraplegic's loss of the ability to participate in certain physical activities, falls under the rubric of hedonic damages. In our view, "loss of enjoyment of life" damages compensate the individual not only for the subjective knowledge that one can no longer enjoy all of life's pursuits, but also for the objective loss of the ability to engage in these activities.

We hold that, where supported by the evidence, the jury shall be charged that the injured person is entitled to recover damages for loss of enjoyment of life. In our view, a separate charge on hedonic damages will minimize the risk that a jury will under- or over-compensate an injured person for her noneconomic losses. While there are cases in which it is difficult to segregate the various components of these types of damages, we conclude that a separate charge will clarify for the jurors the issues they should consider in awarding money for injuries which are not readily reducible to specific amounts. In situations where the differences may be difficult

---

1. It is for this reason that "loss of enjoyment of life" damages are sometimes referred to as "hedonic damages." *See, e.g.,* Crowe, *The Semantical Bifurcation of Noneconomic Loss: Should Hedonic Damages Be Recognized Independently of Pain and Suffering Damage?* 74 Iowa L.Rev. 1275 (1990).

to discern, defendants may request the submission of a special interrogatory. *See* Rule 49, SCRCP.

We agree with the Court of Appeals that there was no error in the charge given in this trial. Accordingly, the decision of the Court of Appeals is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.